■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK CADE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schneir, J.), rendered November 7, 1985, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On November 2, 1984, Marsha Dongo was robbed at gunpoint. The next day she saw her attacker, the defendant, and alerted the police. While riding around the neighborhood in an unmarked police car, Dongo spotted the defendant and pointed him out to the police. When the defendant saw the car with Dongo inside he fled, tossing an object over a fence. The defendant was apprehended and the discarded object was identified by Dongo as the gun utilized in the robbery. Dongo was taken to the precinct. When her boyfriend, Keith Littles, came to pick her up, he recognized his friend, the defendant, in a cell. Littles approached the defendant who said "Is that your girl?", "I didn't know it" and agreed to return her property if she dropped the charges.

The sole alibi witness, James Cade, the defendant's brother, testified he had been with the defendant on the day of the robbery playing basketball with eight other men whom he didn't know and hadn't seen since. Cade denied having told anyone that he was unaware of his brother's whereabouts on November 2 and also denied ever telling anyone that he thought his brother may have committed the robbery. The People called Franklin Murphy, the defendant's parole officer, but not identified to the jury as such, who testified that Cade had called him approximately four days after the defendant's arrest. It was Cade's belief as stated to Murphy that the defendant might have committed the robbery. On surrebuttal, Cade denied having made such statement and the court instructed that the statement was being admitted for the limited purpose of showing it was made and not for its truth.

We cannot agree with the defendant's contention that notice of the rebuttal witness was untimely. Pursuant to CPL 250.20 (4), if the People fail to provide a list of rebuttal witnesses within the 10-day period required under CPL 250.20 (2) the court may, in the exercise of its discretion, receive such witness's testimony provided it grants the defense an adjournment not in excess of three days. The court herein granted the defendant a three-day adjournment concluding the proffered testimony was not collateral.

It is well established that the prosecution is not bound by a witness's answer designed to test his credibility unless the inquiry concerns a collateral matter. Evidence relevant to an issue other than credibility is not collateral *(People v Wise,* 46 NY2d 321; *People v Catalanotte,* 36 NY2d 192; *People v Sepulveda,* 105 AD2d 854). As Cade testified that the defendant was with him at the time the robbery occurred, his statement to Murphy that the defendant might have committed the crime, went straight to the heart of the material issue of the alibi defense *(see, People v Harris,* 57 NY2d 335, *cert denied* 460 US 1047) and was therefore properly admitted.

With respect to the defendant's numerous assertions of improper comments made during the prosecutor's summation, the majority were not objected to and thus not preserved for appellate review (CPL 470.05 [2]; *People v Balls,* 69 NY2d 641; *People v Dordal,* 55 NY2d 954, *rearg dismissed* 61 NY2d 759). A review of the record indicates that the bulk of the prosecutor's comments were made in response to defense counsel's summation or constituted a fair comment upon the evidence. In light of the overwhelming evidence of the defendant's guilt, we cannot conclude that the defense was prejudiced by the People's summation so as to warrant reversal of his conviction *(People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.