■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY DUPREE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered May 13, 1985, convicting him of robbery in the first degree, robbery in the second degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the convictions. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find the court did not abuse its discretion under *People v Sandoval* (34 NY2d 371) in allowing the prosecution to question the defendant regarding a past conviction of petit larceny and charges of criminal possession of a controlled substance. The court excluded certain arrests for robbery and the conviction for the crime of larceny did not have to be precluded merely because it was similar to the crime of robbery since it was highly relevant to the issue of the defendant's credibility *(see, People v Pavao,* 59 NY2d 282; *People v Smalls,* 128 AD2d 907; *People v James,* 100 AD2d 552). Furthermore, the court did not allow inquiry as to the charge of criminal possession of a controlled substance until after the defendant testified that he had never been an addict. The court was particularly careful that the probative value of such information would outweigh the possible prejudice *(see, People v Duffy,* 36 NY2d 258).

We note that the instances in the prosecutor's summation which the defendant contends constituted prosecutorial misconduct were either proper responses to comments of the defense attorneys *(see, People v Marks,* 6 NY2d 67; *People v Colonna,* 135 AD2d 724), or properly ameliorated by prompt curative instructions *(see, People v Garcia,* 72 AD2d 356, *affd* 52 NY2d 716; *People v Arce,* 42 NY2d 179; *People v Soto,* 133 AD2d 787).

We have considered the defendant's remaining contentions

and find them to be without merit. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.