■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN THURMOND, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered March 25, 1986, convicting him of assault in the first degree and attempted assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the provisions of the sentence concerning restitution; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for a hearing and a new determination concerning the proper amount of restitution and the manner of payment thereof.

Viewing the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We also find that the defendant's claim of error with respect to the justification charge is unpreserved for appellate review

as defense counsel failed to specify his objection to the charge *(see, People v Jacquin,* 71 NY2d 825; *People v Allen,* 69 NY2d 915). In any event, although the justification instructions should have consisted of the objective component of the justification defense *(see, People v Goetz,* 68 NY2d 96), the failure to so charge did not result in any prejudice to the defendant and, in fact, was beneficial to him. In light of the overwhelming evidence of the defendant's guilt and in the absence of any substantial likelihood that an elaboration of the justification charge would have resulted in a contrary verdict, reversal of the judgment of conviction is not warranted *(see, People v Norwood,* 133 AD2d 423, 424).

We find that the sentencing court erred by not conducting a hearing on the issue of restitution. The record contains insufficient information to determine the proper amount of restitution and the proper manner of payment. Accordingly, the matter is remitted to the County Court, Nassau County, to conduct a hearing on these issues *(see, People v Walker,* 140 AD2d 655).

As to the remainder of the sentence we decline to disturb it since it was within the bounds of the applicable sentencing statutes and was not excessive *(see, People v Farrar,* 52 NY2d 302; *People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.