■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN COLEMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered February 19, 1987, convicting him of murder in the second degree (four counts), arson in the second degree, and reckless endangerment in the first degree (two counts), upon a jury verdict, and sentencing him to concurrent indeterminate terms of 20 years' to life imprisonment upon the convictions of murder in the second degree (counts one and two), 8⅓ to 25 years' imprisonment upon the conviction of arson in the second degree (count five), 2⅓ to 7 years' imprisonment upon the convictions of reckless endangerment in the first degree (counts six and seven), and concurrent indeterminate terms of 20 years' to life imprisonment upon the convictions of murder in the second degree (counts three and four) to be served consecutively to the sentences imposed under counts one and two.

Ordered that the judgment is modified, on the law, by deleting the provision providing that the terms of imprisonment imposed on the conviction of murder in the second degree (counts three and four) be served consecutively to the sentences imposed under counts one and two, and substituting therefor a provision that said terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The majority of the prosecutor's summation comments to which the defendant now ascribes impropriety were not objected to at trial and thus are not preserved for appellate review (CPL 470.05 [2]; People v Nuccie, 57 NY2d 818; People v Cade, 138 AD2d 388, 389, affd 73 NY2d 904). Moreover, a

review of the record indicates that the prosecutor's summation comments were either made in response to defense counsel's summation or constituted fair comment on the evidence *(see, People v Martin,* 149 AD2d 534; *People v Dupree,* 148 AD2d 465; *People v Miller,* 143 AD2d 1055).

The court erred, however—as the People concede—in imposing consecutive sentences with respect to the counts of murder in the second degree of which the defendant was convicted. Since the deaths of the two victims resulted from the defendant's single act of arson, any sentences imposed should have run concurrently *(see,* Penal Law § 70.25 [2]; *People v Day,* 73 NY2d 208, 211-212; *People v Underwood,* 52 NY2d 882). Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.