■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW ALONZO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL CARRASCO, Appellant.—

Judgments of the Supreme Court, New York County (Frederic Berman, J.), rendered on February 10, 1989, convicting each defendant, following a plea of guilty, of grand larceny in the second degree and sentencing Alonzo to an indeterminate term of imprisonment of from 1⅔ to 5 years and Carrasco to an indeterminate term of from 2 to 6 years, are unanimously modified on the law, the sentences vacated and the matter remanded for a hearing pursuant to the court's promise, and otherwise affirmed.

On September 29, 1988, defendants herein, along with another codefendant, each pleaded guilty to one count of grand larceny in the second degree and admitted to participating in a scheme involving the theft of in excess of $1 million from Smith Barney, Harris Upham Company, Inc. At that time, the court declared its intention to impose a sentence of 1 to 3 years in State prison upon the two subject defendants, stating that "in addition, I will hold a hearing to determine how much restitution should be made by each of you to Smith Barney for the losses they have suffered." According to the court:

"I want to make it clear to all three of you that should you fail to appear between now and the date of sentence, either before this court or the Probation Department, or should you have any further conflicts with the law between now and the date of sentence that the promise I have made to you with regard to [the] sentence will no longer be in effect, and I will be free to impose any sentence upon you up to the maximum of five to fifteen years. * * *

"Now, I am also going to impose a condition upon all three of you that since I will be holding a hearing as to your assets on the date of sentence, that you are hereby ordered by this Court that you are not to transfer any moneys or assets out of present accounts; that you are not to spend any monies or assets between now and the date of sentence except for those of actual necessities such as food, medical expenses, rental, etcetera; but that no other moneys are to be expended by you for any other purpose."

Defendants appeared in court for sentencing on February 10, 1989. The court, noting that $700,000 of the money converted from Smith Barney remained unaccounted for, found that defendants had not complied with the condition of restitution or even indicated the location of assets which could be used for restitution. Consequently, the court decided that it would sentence defendants to a term of imprisonment greater

than that specified in the plea agreement. Although the court gave defendants the option of withdrawing their pleas of guilty and proceeding to trial or accepting the sentences ultimately imposed, they declined to withdraw their pleas.

On appeal, defendants contend that since each of them had fulfilled the terms of the plea bargain, the court improperly departed from the promised sentence without first holding a hearing. They state that they appeared in court and at the Probation Department whenever required; neither of them had any conflict with the law from the time of entry of the plea until the date of sentence; and they did not transfer or dispose of any assets. In that regard, the court never made a finding that any of these conditions had been violated, nor does the record reveal that the court ever demanded restitution or the disclosure of assets prior to the holding of a restitution hearing as a condition of the plea. On the contrary, the court clearly asserted that it would conduct a hearing to establish the individual amount of each defendant's restitution. Indeed, Penal Law § 60.27 (2) provides that "[w]henever the court requires restitution or reparation to be made, the court must make a finding as to the fruits of the offense or the loss or damage caused by the offense. If the record does not contain sufficient evidence to support such finding or upon request by the defendant, the court must conduct a hearing upon the issue in accordance with the procedure set forth in section 400.30 of the criminal procedure law."

Thus, not only did the trial court fail to carry out its promise at the plea proceeding, but it did not conform to the mandates of the applicable statute which requires a restitution hearing whenever the record contains inadequate information regarding the means by which the amount of restitution is to be ascertained and how each defendant is expected to satisfy the condition of restitution (People v Thurmond, 148 AD2d 557; People v Walker, 140 AD2d 655; People v Dixon, 134 AD2d 877). Although the People urge that both Smith Barney's general counsel and its chairman and chief executive officer claimed that $700,000 of the stolen money was still missing, and the court accepted that figure on the basis of letters received from these individuals, the record itself is devoid of any indication as to how this amount was actually determined. Similarly, there is nothing in the record to demonstrate the manner of repayment by each defendant. In fact, the statements made by the court at the time that the pleas were entered appear to direct defendants to take no action with respect to their assets other than to preserve them

pending a restitution hearing. The court's position seems to have been that because defendants, in the interval between the plea and sentence, were not sufficiently cooperative in acquainting the court with the current location of the funds, a restitution hearing would have been pointless. However, one of the primary purposes of the hearing would have been to obtain precisely the information which the court and the District Attorney castigate defendants for not having already supplied in advance of the hearing, and this notwithstanding that presentence disclosure of assets was not made a condition of the plea bargain. For all of the foregoing reasons, defendants were entitled to a restitution hearing, and it was error on the part of the trial court not to conduct such a hearing. Concur—Kupferman, J. P., Milonas, Kassal, Smith and Rubin, JJ.