■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD KIRKWOOD, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (Boklan, J.), both rendered June 7, 1988, convicting him of murder in the second degree (four counts), criminally negligent homicide (five counts), and arson in the second degree, under indictment No. 64134, and murder in the second degree under indictment No. 64585, upon jury verdicts, and imposing sentences of 25 years' to life imprisonment on each of the

murder counts, to run consecutively to each other and concurrently with all other sentences imposed, 1½ to 4 years' imprisonment on each of the criminally negligent homicide counts, to run consecutively to each other and concurrently with all other sentences imposed, 8½ to 25 years' imprisonment on the arson count to run concurrently with all other sentences imposed, and restitution in the sum of $420,547.99.

Ordered that the judgment is modified, on the law, (1) by deleting the provision that the five terms of imprisonment imposed on the murder counts are to run consecutively and substituting therefor a provision that said terms of imprisonment shall run concurrently, (2) by deleting the provision that the five terms of imprisonment imposed on the criminally negligent homicide counts are to run consecutively and substituting therefor a provision that said terms shall run concurrently, and (3) by deleting the provision fixing restitution in the amount of $420,547.99; as so modified the judgments are affirmed, and the matter is remitted to the County Court, Nassau County, for a hearing to determine the amount of restitution.

The defendant ignited a fire which ultimately resulted in the deaths of five people. However, as the People now concede, "[s]ince the deaths of the [five] victims resulted from the defendant's single act of arson, any sentences imposed should have run concurrently" *(People v Coleman,* 153 AD2d 756, 757, citing Penal Law § 70.25 [2]; *People v Day,* 73 NY2d 208, 211-212; *People v Underwood,* 52 NY2d 882; *see also, People v Truesdell,* 70 NY2d 809, 811; *People v Brathwaite,* 63 NY2d 839, 843). Furthermore, the People correctly concede that a hearing is necessary in order to determine the proper amount of restitution *(see, e.g., People v Collins,* 163 AD2d 608; *People v Robinson,* 156 AD2d 731; *People v Thurmond,* 148 AD2d 557, 558; *People v Walker,* 140 AD2d 655). We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.