■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAQUIN CAPESTANY, Appellant. [597 NYS2d 5] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered January 11, 1990, convicting defendant, upon his plea of guilty, of grand larceny in the first degree and offering a false instrument for filing, and sentencing him to concurrent terms of 5 to 15 years and 1⅓ to 4 years, respectively, unanimously affirmed.

Defendant, a former Deputy Director of Audits and Accounts for the New York City Department of General Services, accepted kickbacks from City vendors, and set up a false bank account in the name of a fictitious company into which

he diverted City checks. The People established that defendant stole in excess of $1 million from the City.

At the plea proceeding, defendant agreed to the sentence. The court explicitly refused to include restitution as a term or condition of the sentence, but stated that it might consider the amount of restitution made when imposing sentence.

At the sentencing proceeding, the People established that defendant had failed to cooperate, failed to disclose the existence of other accounts, and failed to satisfactorily account for approximately two-thirds of the sum stolen. A purported list of expenditures offered by defendant either overvalued certain assets, or represented out-of-country expenditures which could not be verified. The sentencing court noted defendant's evasiveness and lack of cooperation, the fact that defendant had not voluntarily disclosed any significant portion of the stolen funds, that defendant failed to demonstrate any apparent remorse, and apparently lacked any insight into the wrongfulness of his conduct, and imposed the agreed-upon sentence.

We find no error in the court's refusal to conduct a restitution hearing under Penal Law § 60.27. Restitution was never a term or condition of sentence (compare, People v Alonzo, 155 AD2d 233).

Nor do we find any basis to disturb the sentencing court's exercise of discretion. We reject defendant's present claim that he voluntarily returned approximately one-third of the stolen funds; in fact, the funds were seized from defendant when he was arrested. We also reject defendant's contention that he has cooperated with law enforcement authorities. After being a fugitive from justice for a year, defendant was involuntarily returned on a warrant, and, despite protestations to the contrary, thereafter failed to demonstrate any good faith efforts to cooperate. Considering the nature of the trust vested in defendant, the amount of the theft, defendant's failure to cooperate, his consistent evasiveness and failure to demonstrate insight into the wrongfulness of his conduct, as well as the lack of an adequate and verifiable explanation for the present location of the remainder of the stolen funds, it cannot be said that defendant's sentence is harsh or excessive. Concur—Murphy, P. J., Sullivan, Carro and Kupferman, JJ.