■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA TORRES, Appellant. [697 NYS2d 528] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered December 10, 1996, convicting him of murder in the second degree (three counts), kidnapping in the first degree (two counts), and arson in the second degree, upon a jury verdict, and sentencing him to indeterminate terms of 25 years to life imprisonment for each of his convictions for murder in the second degree to run concurrently with each other, an indeterminate term of 25 years to life imprisonment on his conviction for kidnapping in the first degree under count six of the indictment to run consecutively to his sentence for

murder in the second degree under count two of the indictment and concurrently to his other sentences for murder in the second degree, an indeterminate term of imprisonment of 25 years to life for his conviction of kidnapping in the first degree under count seven of the indictment to run concurrently to his sentence for kidnapping in the first degree under count six of the indictment and to his sentences for murder in the second degree, and an indeterminate term of imprisonment of 8⅓ to 25 years to life for his conviction for arson in the second degree to run consecutively to his other sentences.

Ordered that the judgment is modified, on the law, by providing that the defendant's term of imprisonment for his conviction of arson in the second degree shall run concurrently to the sentences imposed for the defendant's convictions of three counts of murder in the second degree and kidnapping in the first degree under count seven of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that he received ineffective assistance of counsel is without merit. Notwithstanding any purported deficiency in counsel's performance, the defendant received meaningful representation under the totality of the circumstances (*see, People v Flores,* 84 NY2d 184, 187; *People v Ellis,* 81 NY2d 854, 856; *People v Baldi,* 54 NY2d 137).

The People correctly concede that the defendant's convictions for arson in the second degree, three counts of murder in the second degree, and kidnapping in the first degree under count seven of the indictment were based on the same act. Thus, the Supreme Court erred in making the defendant's sentence for his conviction of arson in the second degree run consecutively to his convictions for murder in the second degree and kidnapping in the first degree under count seven of the indictment. Accordingly, we modify that sentence to run concurrently (*see, People v Ramirez,* 89 NY2d 444; *People v Laureano,* 87 NY2d 640).

The defendant's remaining contentions are without merit. Santucci, J. P., Thompson, Sullivan and Friedmann, JJ., concur.