■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODOLFO RUIZ, Appellant. [738 NYS2d 59] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered October 15, 1998, convicting him of arson in the first degree, arson in the second degree, arson in the third degree, and attempted murder in the second degree (three counts), upon a jury verdict, and sentencing him to concurrent indeterminate terms for the counts regarding the first victim of a fire on February 8, 1997, of 25 years to life imprisonment for arson in the first degree and 12½ to 25 years' imprisonment for attempted murder in the second degree, with these sentences to run consecutively to concurrent indeterminate terms regarding a fire on February 12, 1997, of 12½ to 25 years' imprisonment for arson in the second degree, 12½ to 25 years' imprisonment for attempted murder in the second degree, and 5 to 15 years' imprisonment with regard to arson in the third degree, and all counts to run consecutively to a term of 12½ to 25 years' imprisonment for attempted murder in the second degree regarding a second victim of the February 8, 1997 fire.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed on the conviction of attempted murder in the second degree regarding the second victim of the February 8, 1997 fire shall run concurrently with the sentences imposed on the convictions of arson in the first degree and attempted murder in the second degree with regard to the first victim of that fire; as so modified, the judgment is affirmed.

The defendant's argument that the evidence was legally insufficient is unpreserved for appellate review (*see, People v Gray,* 86 NY2d 10; *People v Bynum,* 70 NY2d 858). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of

guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]). While the defendant presented an alibi that was corroborated by witnesses, the jury was not bound to accept this testimony (*see, People v Wells,* 272 AD2d 562; *People v Coleman,* 225 AD2d 705), and in any event, there were significant reasons to doubt the credibility of the defendant and the alibi witnesses.

Comments made by the trial court to a prospective juror upon his dismissal were not prejudicial to the defendant (*see, People v Cotto,* 240 AD2d 185; *People v Staley,* 182 AD2d 846; *People v McPherson,* 182 AD2d 714).

The People correctly concede that all of the counts relating to the February 8, 1997 fire were the result of the same act. Thus, those sentences should run concurrently (*see,* Penal Law § 70.25 [2]; *People v Torres,* 266 AD2d 409; *People v Kirkwood,* 165 AD2d 881).

The sentences were not excessive (*see, People v Suitte,* 90 AD2d 80, 86). Altman, J.P., Feuerstein, H. Miller and Cozier, JJ., concur.