■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY HICKMAN, Appellant. [875 NYS2d 530]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered June 2, 2004, convicting him of criminal possession of a controlled substance in the third degree (two counts) and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied a fair trial by certain comments the prosecutor made on summation is unpreserved for appellate review, as the defendant failed to object to the challenged comments or request any curative relief after the Supreme Court interjected and permitted the comments to be made (*see* CPL 470.05 [2]; *People v Boyce*, 54 AD3d 1052, 1053 [2008]; *People v Aponte*, 28 AD3d 672 [2006]; *People v Hernandez*, 297 AD2d 389 [2002]). In any event, the challenged comments were a fair response to the defense counsel's summation (*see People v Lenoir*, 57 AD3d 802 [2008]; *People v Crawford*, 54 AD3d 961, 962 [2008]). Furthermore, the Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial, which was based on certain testimony volunteered by a prosecution witness (*see People v Ortiz*, 54 NY2d 288, 292 [1981]).

The defendant contends that he was denied his right of confrontation under the Sixth Amendment of the United States Constitution because a prosecution witness invoked the Fifth Amendment privilege against self-incrimination, and the Supreme Court failed to strike any portion of that witness's testimony. However, since the defendant failed to object to or move to strike the witness's testimony, he failed to preserve this contention for appellate review (*see* CPL 470.05 [2]; *People v Wright*, 38 AD3d 1232, 1233 [2007]). In any event, the Supreme Court providently exercised its discretion in instructing the jury that it could consider the witness's invocation of the privilege against self-incrimination in evaluating his credibility (*see People v Siegel*, 87 NY2d 536, 544-545 [1995]; *People v Visich*, 57 AD3d 804 [2008]).

Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Ritter, Santucci and Covello, JJ., concur.