OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of resisting arrest (Penal Law § 205.30), obstructing governmental administration in the second degree (Penal Law § 195.05), three counts of assault in the third degree (Penal Law § 120.00 [2]), criminal trespass in the third degree (Penal Law § 140.10 [a]), and trespass (Penal Law § 140.05). On appeal, defendant contends that the City Court erroneously refused to charge the jury with the defense of justification (Penal Law § 35.15 [1], [2]).
It is well settled that when the evidence at trial, viewed in the light most favorable to the defendant, supports the defense of justification, the court should instruct the jury as to the defense, that it must instruct the jury with respect thereto when so requested, and that the failure to charge the requested defense constitutes reversible error (see People v Padgett, 60 NY2d 142, 144-145 [1983]; People v Watts, 57 NY2d 299, 301 [1982]). Moreover, the totality of the evidence adduced at trial by any party may be used to determine whether a justification charge is warranted (see e.g. People v Steele, 26 NY2d 526, 528-529 [1970]).
The record, viewed in the light most favorable to defendant (see People v Watts, 57 NY2d at 301), establishes the following facts. In the early morning of March 19, 2006, uniformed Police Officers Donaldson and Vellozzi were informed of “a male on a fire escape” and, upon arriving at the back of the building, observed defendant on the fifth-floor fire escape. The officers identified themselves and told defendant to come *81 down off the fire escape. Defendant did not comply, and yelled and cursed at the Officers. Uniformed Police Officers Olcese and Hurley then arrived and also told defendant to come down. Defendant continued to yell and curse, and told the officers that he had “fought cops before.” Officers Donaldson and Vellozzi left to go into the fifth-floor apartment, while Officers Olcese and Hurley climbed up the fire escape and spoke to defendant. All four officers testified that they saw defendant kick the window pane and then place a leg through the open window into the apartment. They further testified that defendant subsequently went back onto the fire escape and that, at that point, Officers Donaldson and Vellozzi repeatedly told defendant that he was under arrest and to come into the apartment. When defendant failed to comply, Officers Donaldson and Vellozzi grabbed defendant’s legs and pulled him through the window onto the apartment’s floor. Defendant landed on his back, and immediately got up and tackled Officer Donaldson to the floor. In an attempt to get defendant off Officer Donaldson, Officer Vellozzi repeatedly struck defendant on his back, ribs and head, and told defendant to stop and not to resist. Officers Olcese and Hurley entered the apartment through the window and similarly told defendant to stop fighting and resisting. When defendant again failed to comply, Officers Olcese and Hurley struck defendant about his legs with their expandable batons. Defendant then released Officer Donaldson and tackled Officer Hurley. While fighting with Officer Hurley, defendant grabbed the officer’s testicles, and the officer responded by repeatedly punching defendant in the face. Officer Olcese kicked and punched defendant in an attempt to aid Officer Hurley. Defendant then released Officer Hurley and tackled Officer Olcese to the floor. The other three officers ultimately got defendant off Officer Olcese and handcuffed defendant. All of the officers went to the hospital for various injuries, and defendant was taken to the hospital where he remained for 21 days.
The evidence clearly shows that defendant was the initial aggressor and that he escalated what could have been a routine arrest into a much more serious situation. Consequently, the court properly denied defendant’s request for a justification charge. Moreover, the court properly denied defendant’s request to preclude his statement to the police that he had “fought cops before,” since defendant was not in police custody when he *82 made the statement, which was clearly voluntary and part of the res gestae of the incident.
Defendant correctly contends that the court improperly allowed the People to elicit evidence regarding a prior Pennsylvania incident. However, said error was harmless beyond a reasonable doubt, given the overwhelming proof of defendant’s guilt and the fact that there is no significant probability that defendant would have been acquitted but for the error (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
The People also improperly elicited testimony about defendant’s mental state and history after the court had ruled that such testimony could not be elicited. However, in light of the fact that the court sustained defense counsel’s objections and, in the one instance where defense counsel requested a mistrial, provided the jury with a curative instruction, any prejudice to defendant that may have resulted from such testimony was alleviated (see People v Jackson, 59 AD3d 637, 638 [2009]). Moreover, the denial of defendant’s motion for a mistrial was not an improvident exercise of discretion (see People v Hickman, 60 AD3d 865, 866 [2009]; see generally People v Ortiz, 54 NY2d 288, 292 [1981]). Defendant’s remaining contentions are unpreserved for appellate review or lack merit.
Accordingly, the judgment of conviction is affirmed.