■ The People of the State of New York, Respondent, v Khenan Clarke, Appellant. [989 NYS2d 614]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered June 29, 2011, convicting him of arson in the first degree, attempted murder in the second degree (three counts), assault in the first degree (two counts), and burglary in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of arson in the first degree, determinate terms of imprisonment of 25 years on the convictions of attempted murder in the second degree and burglary in the first degree, followed by five years of postrelease supervision, and determinate terms of imprisonment of 15 years on the convictions of assault in the first degree, followed by five years of postrelease supervision, with the sentences imposed on the convictions of arson in the first degree

and attempted murder in the second degree to run consecutively to each other, and the sentences imposed on the convictions of assault in the first degree and burglary in the first degree to run concurrently with each other.

Ordered that the judgment is modified, on the law, by providing that the sentence imposed on the conviction of arson in the first degree shall run concurrently with the sentence imposed on the convictions of attempted murder in the second degree under the third and fourth counts of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of burglary in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of burglary in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial, which was based on certain testimony volunteered by a prosecution witness (*see People v Ortiz*, 54 NY2d 288, 292 [1981]; *People v Hickman*, 60 AD3d 865, 866 [2009]).

The sentence imposed upon the defendant's conviction of arson in the first degree should have run concurrently with the sentences imposed on the defendant's convictions of attempted murder in the second degree under the third and fourth counts of the indictment, which relate to the two child victims (*see* Penal Law § 70.25; *People v Laureano*, 87 NY2d 640, 642 [1996]; *People v Ruiz*, 291 AD2d 418 [2002]; *People v Torres*, 266 AD2d 409 [1999]; *People v Kirkwood*, 165 AD2d 881, 882 [1990]; *People v Pons*, 159 AD2d 471, 475 [1990]). However, contrary to the defendant's further contention, the Supreme Court properly determined that his sentence for arson in the first degree could run consecutively to his sentence for attempted murder in the second degree under the second count of the indictment, which

relates to the adult victim, because he committed separate and distinct acts of dousing her and the apartment with gasoline (*see People v Battles*, 16 NY3d 54 [2010]).

The arguments raised by the defendant in his pro se supplemental brief are without merit. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.