*841 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s conviction and sentence for depraved indifference murder and the consecutive sentences for his two convictions of felony murder reinstated, and the case remitted to the Appellate Division for consideration of the facts (CPL 470.40, subd 2, par [b]; 470.25, subd 2, par [d]).
Defendant was charged, in the fifth count of the indictment returned against him, with the depraved indifference murder (Penal Law, § 125.25, subd 2) of Antonio Gray, one of his accomplices in a robbery of a neighborhood grocery store. The proof was that defendant, Gray, and two unidentified men entered the grocery store. Defendant put his gun to the head of one of the clerks and announced a holdup. One of the two unidentified men held a gun to another clerk. Gray and the other unidentified man each pointed a gun at the owner and a third clerk. Defendant, continuing to hold his gun against the clerk’s head, with his free hand reached into the cash register and took some money. Almost simultaneously the grocery store owner shouted, “Call the police”. With that gunshots rang out. Defendant climbed the store’s counter, all the while shooting in the direction of the owner and one of the clerks. Gray joined in shooting at the owner. According to police testimony at least nine shots were fired. As a result of gunshot wounds received in the melee, the owner, one of the clerks, and Gray died. Defendant and the other two gunmen fled the scene, apparently unscathed. On trial defendant offered an alibi defense — that at the time of the shootings he was with his girlfriend at a bar some distance away.
At the close of the People’s case, defense counsel moved for a trial order of dismissal and, when his motion was denied, objected to the submission of the depraved indifference murder count to the jury. No other protest was registered, however, to the court’s instructions to the jury with respect to the fifth count. It was and is defense counsel’s contention that defendant could not be convicted of depraved indifference murder in the absence of proof that he fired the fatal shot. Although it is accurate to say that a defendant is not necessarily guilty of depraved *842 indifference murder if a coperpetrator is killed in the course of an armed robbery, it is likewise accurate to say that, if the evidence is sufficient to permit the jury to find that a defendant acted “with the mental culpability” required for depraved indifference murder, he may be found guilty of such a charge, on the theory that he was acting in concert, under section 20.00 of the Penal Law. It is not necessary to prove that the defendant fired the fatal shot if the evidence is sufficient to establish that the defendant was acting in concert with another who did fire the fatal shot and that the defendant was acting with the mental culpability required for the commission of the crime. Here the evidence of prior planning and then active participation, without apparent cause, in the resulting furious and wanton shoot-out (referred to by defense counsel as “World War II”) was sufficient to support the jury’s finding of guilt under instructions that, although the People were not required to prove that it was defendant personally who caused Gray’s death, they must prove that either “defendant, or his accomplice, must know that a substantial and unjustifiable risk of death exists and must consciously disregard that risk, [a disregard which] must be a great or major deviation from the standard of conduct that a reasonable person would observe in the situation”. The jury was further charged that, “in addition, to constitute depraved murder, the circumstances surrounding the defendant’s conduct must evince a depraved indifference to human life”, and that “a person acts with depraved indifference to human life when, in the judgment of the jury, his conduct, beyond being reckless, is so wanton, so deficient in moral sense and concern, so devoid of regard for the life or the lives of others, and so blameworthy as to warrant the same criminal responsibility, same criminal liability as that which the law imposes upon a person who intentionally causes the death of another.”
The evidence in this case was sufficient to warrant submission of the charge of depraved indifference murder to the jury based on principles of accessorial liability and, as stated, no protest was registered to the particular formulation of the charge to the jury on this count.
Defendant was sentenced to 25 years to life on each of his two felony murder convictions (with respect to the *843 deaths of the owner and the clerk), such sentences to run consecutively, and to a sentence of the same term on his depraved indifference murder conviction, the latter sentence to run concurrently with the other two sentences. Defendant argues, and the Appellate Division held, that section 70.25 of the Penal Law requires that the two felony murder sentences run concurrently. He relies on subdivision 2, which provides: “2. When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences must run concurrently.” Here, although the two deaths may be said to have occurred in the course of a single extended transaction — the robbery — it was separate “acts” which caused the deaths of the owner and the clerk (i.e., there is no contention that it was the firing of the same shot that killed both the owner and the clerk), and neither was a material element of the other.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order reversed, defendant’s conviction and sentence for depraved indifference murder and the consecutive sentences for felony murder reinstated, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.