OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 On the evening of January 26, 1983, the bodies of Warren and Mary Lynch were discovered in their combined general store and residence. Both had been bludgeoned to death. The next day, defendant gave a recorded oral statement in which he described the events leading to the deaths.
 

 In his statement, which was introduced at his trial for intentional murder, felony murder and related offenses, defendant recounted the following. After work, he and an acquaintance — Ronald Dingman — went driving in search of marihuana. As they were driving, Dingman said he was going to "hit” a store. Defendant, who knew that Dingman always carried a gun, asked if he still had the gun on him, but Dingman did not respond. Spotting the store, Dingman said, "I want to go in here for a while”, and they stopped and went inside. While defendant looked at merchandise, Dingman struck Warren Lynch several times with a lead pipe. Dingman asked defendant to hit Mary Lynch, but defendant "froze.” Dingman pushed defendant to the floor and struck Mary Lynch with the pipe and perhaps an axe handle as well. Dingman then emptied the cash register and ransacked the store. As he drove defendant from the crime scene, Dingman offered defendant money, saying, "Here’s your half.” When defendant refused the money, Dingman dropped defendant off and he walked home.
 

 Defendant’s co-worker testified that the afternoon preceding the murders, defendant had told him that he might be earning some extra money that night towing cars. The day after the murders, defendant told the same co-worker that he had had a "rough night working” and that he had earned some extra money. Defendant flipped through a wad of money and
 
 *811
 
 put it back in his pocket. A friend of defendant’s testified that the night after the murders, defendant told him that he and Dingman had entered a store. Defendant picked up an axe handle, walked to the cash register, pretended that he wanted to purchase it, and then struck the old woman. When she asked defendant what he was doing, Dingman pushed defendant out of the way and "finished off the old lady.”
 

 Defendant was acquitted of intentional murder, but convicted of two counts of felony murder and one count of robbery. He was sentenced to consecutive terms of imprisonment of 18 years to life on the felony murder counts. A unanimous Appellate Division affirmed.
 

 While defendant urges insufficiency of the evidence, we conclude that there is sufficient evidence to support the jury’s finding that he was an accessory to the robbery of the store. Although in his statement defendant told the police that he was, in essence, an innocent bystander, there was basis in the evidence for the jury to disbelieve him. The day of the robbery defendant told a co-worker that he anticipated earning a lot of money that night, and after the murders he displayed a large sum of money, a fact consistent with his receipt of the proceeds of the robbery. The testimony of defendant’s friend that defendant admitted he had feigned purchase of an axe handle and had struck the old woman with it provided evidentiary support for a finding that defendant was a participant in the robbery. Because there is sufficient evidence to support defendant’s guilt of the underlying felony of robbery in the first degree (Penal Law § 160.15 [1]), and because the deaths of Warren and Mary Lynch occurred in the course of that crime, there is sufficient evidence to support defendant’s two felony murder convictions (Penal Law § 125.25 [3]). Defendant has not contended — nor could he — that he established the affirmative defense to felony murder
 
 (see,
 
 Penal Law § 125.25 [3]).
 

 In addition, we conclude that the sentence imposed— consecutive terms of imprisonment of 18 years to life — was not illegal. Although the deaths of Warren and Mary Lynch may. be said to have occurred in the course of a single transaction — the robbery — it was separate acts that caused the deaths of the two victims, and neither act was a material element of the other (Penal Law § 70.25 [2];
 
 People v Brathwaite,
 
 63 NY2d 839, 843). While (unlike this court) both lower courts had discretion to impose concurrent rather than consecutive sentences, they were not required to do so.
 

 
 *812
 
 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed in a memorandum.