OPINION OF THE COURT
Simons, J.
The issue presented is whether Penal Law § 70.25 (2) requires that defendant be sentenced to concurrent sentences for convictions of manslaughter in the first degree and robbery in the first degree, when the same act caused the victim’s serious physical injury (constituting a material element of robbery in the first degree) and his death (constituting the crime of manslaughter).
Defendant was indicted for two counts of murder in the second degree and two counts of robbery in the first degree arising from the robbery and death of Steven Zabel. As the result of a plea bargain, he pleaded guilty to one count of manslaughter in the first degree as a lesser included offense of intentional murder and one count of robbery in the first degree in satisfaction of all counts of the indictment. At the allocution to the manslaughter count, defendant admitted that while acting in concert with another, he intended to cause Steven Zabel serious physical injury and that he caused Zabel’s death by cutting his throat. Addressing the robbery count, defendant admitted that he and his accomplice forcibly stole property *643 from Zabel and that they caused him serious physical injury during the commission of the robbery. Following the allocution the court imposed consecutive terms of imprisonment as the parties had agreed.
Defendant maintains that the sentences must run concurrently and are therefore illegal. He may advance that contention on appeal, notwithstanding his plea of guilty (see, People v Seaberg, 74 NY2d 1, 9; People v Francabandera, 33 NY2d 429, 434, n 2; People v Lopez, 28 NY2d 148, 151-152).
The Penal Law provides that concurrent sentences must be imposed "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other” (Penal Law § 70.25 [2]). Thus, sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other (People v Catone, 65 NY2d 1003, 1004-1005; see also, People ex rel. Maurer v Jackson, 2 NY2d 259, 264). When consecutive sentences are imposed, the People are obligated to establish their legality (see, People v Day, 73 NY2d 208, 211).
In determining whether concurrent sentences are required, the sentencing court must first examine the statutory definitions of the crimes for which defendant has been convicted (see, People v Day, 73 NY2d, at 211, supra; People v Catone, 65 NY2d 1003, 1005, supra; see also, People v Di Lapo, 14 NY2d 170, 172). Because both prongs of Penal Law § 70.25 (2) refer to the "act or omission,” that is, the "actus reus” that constitutes the offense (see, Penal Law § 15.00 [1] [bodily movement]; Penal Law § 15.00 [3] [failure to act]), the court must determine whether the actus reus element is, by definition, the same for both offenses (under the first prong of the statute), or if the actus reus for one offense is, by definition, a material element of the second offense (under the second prong). If it is neither, then the People have satisfied their obligation of showing that concurrent sentences are not required (see, People v Day, 73 NY2d, at 211, supra; compare, People v Catone, supra; People v Young, 191 AD2d 605; People v Grant, 96 AD2d 867). If the statutory elements do overlap under either prong of the statute, the People may yet establish the legality of consecutive sentencing by showing that the "acts or omissions” committed by defendant were separate and distinct acts (see, People v Brown, 80 NY2d 361, 364; People v Truesdell, 70 NY2d 809, 811; People v Brathwaite, 63 NY2d 839, 843; People v Di Lapo, supra).
*644 Defendant maintains that the offense of manslaughter in the first degree constitutes a material element of robbery in the first degree. The "act or omission” that constitutes manslaughter in the first degree is "causing] the death of [a] person or of a third person” while intending to cause serious physical injury (Penal Law § 125.20 [1]). A person commits robbery in the first degree when he forcibly steals property and "in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime * * * [clauses serious physical injury to any person who is not a participant in the crime” (Penal Law § 160.15 [1]). By definition, the act of causing death is subsumed within the element of causing serious physical injury (see, Penal Law § 10.00 [10]). Thus, the statutory comparison reveals that the act constituting manslaughter in the first degree can be a material element of robbery in the first degree, and accordingly, at this first analytical step, the People have failed to establish the legality of consecutive sentences.
The People maintain, however, that manslaughter in the first degree cannot constitute a material element of robbery in the first degree because the mental states of the two crimes do not match, and thus the whole of the manslaughter offense does not constitute any single material element of robbery in the first degree. But Penal Law § 70.25 (2) does not require incorporation of every element of the first offense into the material element of the other; the statute requires only incorporation of the "act or omission”, that is, the bodily movement or failure to act that constitutes the offense (see, Penal Law § 15.00 [1], [3]; compare, Penal Law § 15.00 [6]).
The People next contend that concurrent sentences are not required because the crimes involved two separate and distinct acts. They must establish that claim by identifying the facts which support their view (see, People v Underwood, 52 NY2d 882, 883). They may offer facts from the trial record where there has been a trial (see, People v Di Lapo, 14 NY2d, at 173, supra), and where defendant has pleaded guilty to one or more counts alleged in the indictment, they may rely on the allegations of those counts as well as the facts adduced at the allocution (see, People ex rel. Maurer v Jackson, 2 NY2d, at 263-264, supra). Where defendant has been convicted upon a plea to a lesser offense than that charged in the indictment, the People may rely only on those facts and circumstances admitted during the plea allocution (see, People v Griffin, 7 NY2d 511, 515). Here, defendant pleaded guilty to the robbery *645 count charged in the indictment and manslaughter in the first degree as a lesser included offense of the intentional murder count. Thus, the People may rely on facts alleged in the indictment with respect to the robbery offense, but only the allocution with respect to the manslaughter offense.
When defendant was allocuted in this case, he admitted that he caused Zabel’s death by cutting his throat and further admitted that he forcibly stole property from Zabel and caused him serious physical injury. The only admitted act relevant to an injury was the act of cutting the victim’s throat. The robbery count of the indictment provided no additional facts. Thus, the People have advanced no facts supporting a view that Zabel’s serious physical injury was caused by an act other than the homicidal act (compare, People v Tanner, 30 NY2d 102, 108; People v Di Lapo, supra). Accordingly, the People have failed to establish that the act constituting the manslaughter offense was an act separate and distinct from that element of robbery in the first degree.
Given the penal statutes and facts involved in this case, the imposition of consecutive sentences for manslaughter and robbery was illegal. Because the People no longer request vacatur of defendant’s guilty pleas if we find the sentences illegal, we have no occasion to consider whether vacatur would be a proper remedy when defendant has agreed to the sentence as part of a plea bargain. Defendant’s sentences should be modified to run concurrently (see, People v Leabo, 84 NY2d 952; People v Catone, supra).
Accordingly, the order of the Appellate Division should be modified to provide that defendant’s sentences for manslaughter in the first degree and robbery in the first degree run concurrently and, as so modified, affirmed.