*448
 
 OPINION OF THE COURT
 

 Smith, J.
 

 The primary issue here is whether Supreme Court’s imposition of three consecutive sentences for robbery is permissible under the facts of this case and the Penal Law.
 
 [1]
 

 The indictment charged defendant with three counts of robbery against the Mount Vernon Money Center and two individuals, for a total of nine counts of robbery in the first degree (Penal Law § 160.15). The jury found defendant guilty of each of these counts. Supreme Court, exercising its discretionary sentencing power, imposed the following term of imprisonment: sentences on the robbery counts relating to the same victim were to run concurrently and these three groups of concurrent sentences were to run consecutively with each other.
 

 We hold that defendant’s sentence must be modified as contrary to the dictates of Penal Law § 70.25 (2) in which the Legislature has delimited a court’s discretion to impose consecutive sentences for the same criminal acts which constitute multiple offenses. For sentencing purposes, the theft of property belonging to two different owners did not convert one act into two when said property was forcibly stolen from a single person.
 

 The facts are relatively straightforward. On Christmas eve, 1992, Martin Bailey and Kevin Donahue, two off-duty police officers working for the Mount Vernon Money Center, drove into the parking lot of a hotel located in Queens to make a payroll delivery. After parking their vehicle, Bailey walked toward the security booth while Donahue remained with the car to unload the money bags. Without warning, a grey sedan appeared and stopped behind the guards’ vehicle. A man exited the sedan while pointing what appeared to be an automatic weapon and ordered both guards to lie face down on the ground. Other men who were similarly armed followed from the sedan.
 

 At their direction, Bailey and Donahue dropped to the pavement. When Bailey started to move toward the security booth again, he was repeatedly shot in the back. Bailey attempted to return fire but lost his grip on his weapon as he staggered to
 
 *449
 
 safety. Finally making his way inside the hotel, Bailey collapsed. The gunmen proceeded to remove Donahue’s weapon from his waistband. At the same time, Donahue heard rummaging around in the vehicle where he had left the payroll bags belonging to the Money Center. The thieves then hurried into their sedan and sped away from the hotel. Getting to his feet, Donahue discovered that his gun, the payroll and Bailey’s gun were all missing.
 

 A jury found defendant guilty of nine counts of robbery in the first degree; and one count each of attempted murder, possession of a weapon in the second degree, possession of a weapon in the fourth degree, and possession of stolen property in the fifth degree. Upon sentencing the defendant, Supreme Court imposed separate sentences for each possession count which were to run concurrently with each other and with the sentence imposed on the attempted murder conviction. The structure of the sentences on the robbery counts was necessarily more complex.
 

 The nine counts of robbery consisted of three counts related to the theft of Donahue’s weapon, three related to the theft of Bailey’s weapon and three counts related to the theft of the payroll belonging to the Money Center.*
 
 [2]
 
 Supreme Court imposed concurrent sentences on the robbery counts that related to the same victim. Under its discretionary sentencing power, Supreme Court determined that the concurrent terms relating to the same victim should run consecutively to sentences relating to the other victims. Thus, Supreme Court imposed three sets of consecutive sentences on the nine robbery counts.
 

 As set forth in the Penal Law, the minimum and maximum sentencing terms for specific crimes reflect a legislative policy
 
 *450
 
 choice which delimits judicial sentencing authority.
 
 [3]
 
 Yet, within these statutory ceilings, a court has broad discretion to impose an appropriate sentence. As this Court noted in
 
 People v Day,
 
 "Sentencing courts, in the exercise of their unique judicial function in criminal proceedings, are wisely allocated wide latitude as they are recognized to be in a superior position to dispense proportionate and fair punishment” (73 NY2d 208, 212). That discretionary power includes the ability to impose consecutive penalties for multiple crimes
 
 (Matter of Walker v Walker,
 
 86 NY2d 624, 629, citing
 
 People v Ingber,
 
 248 NY 302, 305). In choosing to exercise its discretion, Supreme Court may properly consider a variety of factors including the number and seriousness of the oifenses involved.
 

 As set forth in 1992, the year defendant committed his crimes, Penal Law § 70.30 provided that when multiple sentences run concurrently, "the times served under imprisonment on any of the sentences shall be credited against the minimum periods of all the concurrent sentences, and the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired time to run” (Penal Law § 70.30 [1] [a]).
 
 [4]
 
 Thus, concurrent sentences represent a single punishment measured by the sentence for the highest grade offense into which all concurrent sentences merge
 
 (see, People ex rel. Maurer v Jackson, 2
 
 NY2d 259, 269-270).
 

 In contrast, when consecutive sentences are imposed, "the minimum periods of imprisonment are added to arrive at an aggregate minimum period of imprisonment equal to the sum of all the minimum periods, [and] the maximum terms are added to arrive at an aggregate maximum term equal to the sum of all the maximum terms” (Penal Law § 70.30 [1] [b]).
 
 *451
 
 Under the consecutive sentences for the robbery counts imposed by Supreme Court, defendant received a term ranging from 371/2 years to 75 years. If Supreme Court had, instead, imposed the same sentences to run concurrently, defendant’s term would run from 12x/2 years to 25 years, a maximum period that would be over 10 years less than the minimum sentence actually imposed.
 

 The Penal Law provides that concurrent sentences must be imposed "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other” (Penal Law § 70.25 [2]).
 
 [5]
 
 Thus, sentences imposed for two or more offenses may not run consecutively: "(1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other”
 
 (People v
 
 Laureano, 87 NY2d 640, 643). The Penal Law defines an "act” as a "bodily movement”
 
 (People v Brown,
 
 80 NY2d 361, 364, citing Penal Law § 15.00 [1]).
 

 We have noted that it is defendant’s act or omission which constitutes the offense, the "actus reus,” that must inform any inquiry under Penal Law § 70.25 (2)
 
 (see, Laureano,
 
 87 NY2d, at 643). Necessarily, a sentencing court must "examine the statutory definitions of the crimes for which defendant has been convicted” to determine whether concurrent sentences are required pursuant to section 70.25 (2)
 
 (Laureano,
 
 87 NY2d, at 643). However, even if the statutory elements of multiple offenses overlap, sentences may be imposed to run consecutively when multiple offenses are committed through separate and distinct acts, though they are part of a single transaction
 
 (see, Laureano,
 
 87 NY2d, at 643;
 
 People v Brown,
 
 80 NY2d 361, 364,
 
 supra).
 
 Imposition of consecutive sentences under the latter inquiry must be supported by identifiable facts
 
 (Laureano,
 
 87 NY2d, at 644). Thus, consecutive sentences may be imposed when either the elements of the crimes do not overlap or if the facts demonstrate that the defendant’s acts underlying the crimes are separate and distinct.
 

 
 *452
 
 Applying this analysis to the present facts requires an examination of the statutory elements of the crimes for which defendant was convicted. Under the Penal Law, robbery is a "forcible stealing” in which a defendant "uses or threatens the immediate use of physical force upon another person” (Penal Law § 160.00). Third degree robbery, the lowest degree of robbery defined in article 160 of the Penal Law, is a class D felony with a maximum sentence of seven years (Penal Law §§ 160.05, 70.00 [2] [d]). However, when the commission of a robbery includes certain aggravating circumstances "which cause, threaten to cause, or increase the risk of physical injury to another, the Legislature has deemed the crime to be more serious and deserving of greater punishment”
 
 (People v Hedgeman,
 
 70 NY2d 533, 538). For example, a robbery may be elevated to the first degree, a class B felony, when the defendant causes "serious physical injury” to any person who is not a participant in the crime (Penal Law § 160.15 [1]), is armed with a deadly weapon (Penal Law § 160.15 [2]) or displays what appears to be a firearm (Penal Law § 160.15 [4]).
 

 Here, a jury determined that such aggravating circumstances were present and defendant was convicted of nine counts of robbery in the first degree. Specifically, defendant was convicted of three counts of robbery relating to Donahue under Penal Law § 160.15 (1), (2) and (4), with the same three provisions of the Penal Law charged in the three counts relating to Bailey and the three counts relating to the Money Center.
 

 Although defendant may be convicted under separate crimes for the taking of Donahue’s gun while armed with a deadly weapon and displaying what appeared to be a firearm, defendant’s single act under the facts here was a material element of both offenses. Consequently, Supreme Court properly imposed concurrent sentences for counts relating to Donahue charged under Penal Law § 160.15 (2) (count 6) and Penal Law § 160.15 (4) (count 9). A similar analysis may be applied to the two counts relating to the Money Center and charged under Penal Law § 160.15 (2) (count 4) and Penal Law § 160.15 (4) (count 7).
 

 Supreme Court determined that concurrent sentences for counts 6 and 9 were to run consecutive to concurrent sentences for counts 4 and 7. The prosecution argues that this determination was a permissible exercise of discretion because the
 
 crimes
 
 charged involved separate and distinct acts affecting different victims. The prosecution’s position cannot be sustained. A theft is not a robbery unless the defendant "uses or
 
 *453
 
 threatens the immediate use of physical force upon another person” (Penal Law § 160.00;
 
 see also,
 
 Greenberg, New York Criminal Law § 16.3 [1996 ed] ["The force or threat must be directed against a person, rather than property”]). Thus, that defendant was armed and displayed an obvious and actual firearm before Donahue was a necessary element of the robbery of the payroll belonging to the Money Center.
 

 Furthermore, the circumstances do not support the prosecution’s contention that the crimes were separate and distinct. Despite the fact that the stolen property belonged to two different victims, it is the acts of the defendant that control. In
 
 People v Brathwaite
 
 (63 NY2d 839), this Court affirmed the imposition of consecutive sentences for two convictions of felony murder. As we noted in that case, "although the two deaths may be said to have occurred in the course of a single extended transaction — the robbery — it was separate 'acts’ which caused the deaths of the owner and the clerk (i.e., there is no contention that it was the firing of the same shot that killed both the owner and the clerk), and neither was a material element of the other”
 
 (id.,
 
 at 843;
 
 see also, People v Truesdell,
 
 70 NY2d 809, 811). While both cases involved different victims, the criminal acts in
 
 Brathwaite
 
 are clearly dissimilar to the inseparable acts underlying the counts at issue here. Rather, the "actus reus” of counts 4, 6, 7 and 9 was "merely a
 
 single inseparable act
 
 violative of more than one statute” which thereby warrants a single punishment
 
 (People ex rel. Maurer v Jackson,
 
 2 NY2d 259, 264,
 
 supra
 
 [emphasis in original];
 
 see also, Laureano,
 
 87 NY2d 640,
 
 supra
 
 [homicidal act of slitting victim’s throat was inseparable from robbery causing serious physical injury to same person which required sentence for manslaughter to run concurrently with sentence for robbery in the first degree]). Thus, the sentences relating to counts 4, 6, 7 and 9 must run concurrently.
 

 Defendant was also convicted of three counts of robbery under Penal Law § 160.15 (1), with each count relating to property stolen from separate owners, Donahue (count 3), Bailey (count 2) and the Money Center (count 1). Supreme Court determined that the sentences imposed on all three counts should run consecutively. However, Penal Law § 160.15 (1) proscribes a robbery accompanied by a serious physical injury to any person who is not a participant in the crime. A serious physical injury is a "physical injury which creates a substantial risk of death” (Penal Law § 10.00 [10]). Here, the only "serious physical injury” related to the multiple gunshot wounds of
 
 *454
 
 Bailey who, according to Supreme Court, was "luckily” wearing a bullet proof vest. The actuality that property belonging to three different people was stolen does not negate the fact that the shooting of Bailey was a single, inseparable act for sentencing purposes.
 

 Nevertheless, these crimes also involve a second element — the forcible taking from a person. As addressed above, the forcible taking from Donahue was an inseparable element of the robbery of the Money Center’s property. Thus, counts 1 and 3 must run concurrently with counts 4, 6, 7 and 9.
 

 On the other hand, the entire tenor of the robbery of Donahue was distinct from the life-threatening assault upon Bailey. Consecutive sentencing is permissible when the defendant’s acts are "distinguishable by culpable mental state, nature and manner of use, time, place and victim”
 
 (People v Brown,
 
 80 NY2d 361, 365,
 
 supra).
 
 Here, the violent and repeated shooting of Bailey was a separate and distinct act which was not a material element of the forcible theft of Donahue’s gun and the payroll bags
 
 (cf., People v Day,
 
 73 NY2d 208, 212,
 
 supra
 
 [possession of forged checks and then attempting to withdraw such funds from a bank were "successive separate acts” which permitted consecutive sentencing for such conduct];
 
 People v Brown,
 
 80 NY2d 361,
 
 supra
 
 [possessing stolen vehicle then recklessly endangering lives by driving into a wall of pedestrians were independent acts and consecutive sentencing was permissible]).
 

 While all of the sentences relating to Donahue and the Money Center must run concurrently, these terms may run consecutively to sentences relating to Bailey. Thus, Supreme Court’s discretionary imposition of consecutive sentencing was permissible for the counts concerning the robbery of Bailey’s handgun with the remaining counts relating to the other two victims.
 
 [6]
 

 Defendant argues that all of these counts must run concurrently because "only one robbery in fact occurred.” However defendant chooses to characterize the crimes for which he was convicted, it does not resolve the sentencing issue before this Court. The fact that the crimes were temporally close in a
 
 *455
 
 single criminal episode is not dispositive (see,
 
 People v Di Lapo,
 
 14 NY2d 170). Accordingly, the concurrent sentences for counts 1, 3, 4, 6, 7 and 9 may run consecutively to the concurrent sentences for counts 2, 5 and 8. Although it was not required to do so, Supreme Court could properly exercise its discretion and impose such consecutive terms of imprisonment.
 
 [7]
 

 Accordingly, the order of the Appellate Division should be modified by remitting to Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order modified, etc.
 

 [1]
 

 . Defendant also contends on appeal that his constitutional right to counsel was violated during a line-up identification. That issue in this case is a mixed question of law and fact and, since the record supports the Appellate Division’s conclusions, the issue is beyond the review powers of this Court. Defendant’s remaining contentions are baseless.
 

 [2]
 

 . Specifically, count 1 charged that defendant forcibly stole certain property of the Money Center and caused serious physical injury to Bailey; count 2 charged that defendant forcibly stole Bailey’s handgun and caused serious physical injury to Bailey; count 3 charged that defendant forcibly stole Donahue’s handgun and caused serious physical injury to Bailey; count 4 charged that defendant forcibly stole certain property of the Money Center while armed with a deadly weapon; count 5 charged that defendant forcibly stole Bailey’s handgun while armed with a deadly weapon; count 6 charged that defendant forcibly stole Donahue’s handgun while armed with a deadly weapon; count 7 charged that defendant forcibly stole certain property of the Money Center and displayed what appeared to be a handgun; count 8 charged that defendant forcibly stole Bailey’s handgun and displayed what appeared to be a handgun; and count 9 charged that defendant forcibly stole Donahue’s handgun and displayed what appeared to be a handgun.
 

 [3]
 

 . The statutory limits for sentences relating to crimes such as defendant’s robbery conviction are illustrative (as set forth in 1992, the year the criminal episode took place). Penal Law § 160.15, robbery in the first degree, is a class B violent felony offense (Penal Law § 70.02 [1] [a]). Under Penal Law § 70.00, a court must impose an indeterminate sentence of imprisonment that shall not exceed a maximum term of 25 years for a conviction of a class B felony (Penal Law § 70.00 [1], [2] [b]). The minimum period of imprisonment under an indeterminate sentence for a violent felony offense must be fixed by a court at one third (now one half [L 1995, ch 3]) of the maximum term imposed (Penal Law § 70.02 [4]). A court may adjust the minimum term for such an offense (up to one half the maximum term imposed) for a conviction of a class B felony offense while armed (Penal Law § 70.02 [4]).
 

 [4]
 

 , The cited provisions of Penal Law § 70.30 were revised in 1995 and
 
 expressly
 
 incorporated both indeterminate and determinate sentences therein (see, L 1995, ch 3). That distinguishing feature does not affect our discussion herein.
 

 [5]
 

 . This Court has noted that the constitutional prohibition against double jeopardy "is embodied in, if not * * * extended by” Penal Law § 70.25 (2)
 
 (People v Snyder,
 
 241 NY 81, 83 [construing former Penal Law § 1938, the statutory precursor to Penal Law § 70.25]). Section 70.25 (2) does not prohibit convictions of multiple offenses containing overlapping elements. Rather, the statute prohibits double punishment for an act or omission which violates more than one section of the law and is accordingly punishable in different ways.
 

 [6]
 

 . Supreme Court properly determined that counts 2, 5 and 8 under
 
 Penal Law §
 
 160.15 (1), (2) and (4), respectively, relating to the forcible taking of Bailey’s gun must run concurrently. Defendant was armed, displayed his weapon and caused Bailey’s injuries, all of which constitute a single act against Bailey.
 

 [7]
 

 . We note that both the aggregate maximum term and the aggregate minimum period of imprisonment for consecutive sentences are subject to certain statutory limits (Penal Law § 70.30 [1] [b]) under which the Department of Correctional Services is bound to calculate the maximum sentence for defendant at 50 years (see, Penal Law § 70.30 [1] [e] [vi]). In accordance with the opinion herein, defendant’s maximum sentence remains unchanged at the statutory limit of 50 years.