OPINION OF THE COURT
Mary H. Smith, J.
In accordance with a decision and order of this court (issued on May 26, 1998) which set aside a sentence that had been previously imposed upon a judgment of conviction, this court resentenced the' defendant on February 9, 1999. The People have now moved this court to have that new sentence set aside.
PROCEDURAL HISTORY
After a bench trial in 1981, the defendant was convicted of the following crimes: three counts of murder in the second degree, two counts of robbery in the first degree, three counts of burglary in the first degree, one count of assault in the second degree, one count of grand larceny in the third degree, two counts of criminal possession of a weapon in the fourth degree, one count of petit larceny, and one count of criminal mischief in the fourth degree.
The defendant was originally sentenced by the Honorable Angelo Ingrassia, Judge of the County Court (on June 19, 1981), to the following periods of incarceration: 25 years to life on each of 3 counts of murder in the second degree; SVs to 25 years on each of 2 counts of robbery in the first degree; SVs to 25 years on each of 3 counts of burglary in the first degree; 2V3 to 7 years on the single count of assault in the second degree; 1 to 4 years on the single count of grand larceny in the third degree; 1 year each on the misdemeanor charges of criminal possession of a weapon in the fourth degree (2 counts), petit larceny (1 count), and criminal mischief in the fourth degree (1 count).
The original sentencing court stated that all the felonies, with the exception of the assault in the second degree (count 12 of the indictment), would run concurrent with each other. The assault in the second degree was declared by the original sentencing court to be “a consecutive charge, and the Court directs that that sentence run consecutively to the other felony charges upon which this Court has imposed sentence.” {See, minutes of original sentencing, at 15.) The misdemeanor counts were, by law, merged with the felonies. Therefore, all charges, with the exception of the assault, were to run concurrently.
*862 Thereafter, by notice of motion with supporting affidavit sérved upon the People on November 7, 1997, the defendant pro se moved this court, pursuant to CPL 440.20, to set aside his sentence. The People responded by serving an affirmation in opposition with memorandum of law and exhibits attached. The defendant also submitted a reply.
On May 26, 1998, this court issued a decision and order granting defendant’s pro se motion brought under CPL 440.20 to vacate the original sentence. The basis for this court’s decision was that the act which constituted the basis for the conviction on count 12 of the indictment, assault in the second degree under Penal Law § 120.05 (2), was the same assault which constituted one of the elements for the conviction on count 7 of the indictment, burglary in the first degree under Penal Law § 140.30 (2). Under the rule enunciated in People v Laureano (87 NY2d 640), the sentence on the conviction under count 12 (assault, second) must run concurrently with the sentence under count 7 (burglary, first) of the indictment. Since the defendant had originally been sentenced to have the conviction under count 12 (assault, second) run consecutively with all other felonies (including the burglary under count 7), that sentence was illegal under the dictates of People v Laureano (supra). Therefore, this court was constrained to vacate the original sentence.
Thereafter, the People moved by way of order to show cause to reargue this court’s decision to vacate the original sentence. This court granted the motion for reargument, but adhered to its initial determination. In the decision on the motion to reargue, this court clarified its position in vacating the original sentence by stating “the only issue to be addressed at the resentencing proceeding is whether the assault charge will be ordered to run consecutively to the murder count or concurrently with any or all of the remaining counts.” {See, decision and order, dated Dec. 11, 1998.)
The defendant was resentenced by this court on February 9, 1999. In effect, this court repeated the sentence which the original court had pronounced. The only change was that the sentence on count 12 (assault, second) was ordered to run concurrent with all other counts. All sentences were stated to run nunc pro tunc to the original date of sentencing.
The People now move this court, pursuant to CPL 440.40, to set aside the sentence which this court imposed on February 9, 1999. The People have served and filed a notice of motion together with an affirmation in support and a memorandum of law. The defendant has submitted an affirmation in opposition.
*863 The court’s decision herein is based upon consideration of the papers filed by the parties, a review of this court’s decision and order and the papers filed on defendant’s motion pursuant to CPL 440.20, a review of this court’s decision and order and the papers filed on the People’s motion to reargue, and the minutes of the original sentencing court.
This opinion will address the question of the propriety of the resentence on count 12 (assault, second) and will not revisit this court’s previous decision to vacate the original sentence. With the exception of count 12 (assault, second), the sentence on each remaining count of the indictment was reimposed exactly as pronounced by the original sentencing court. Therefore, any claim against this court’s previous decision to vacate the original sentence would be to form only and not as to substance since only the invalid sentence was corrected and all sentences which were proper were reimposed without change, suspension or interruption (People v Demanso, 145 AD2d 907).
ISSUE RAISED IN THE PEOPLE’S MOTION
In the instant motion to set aside the sentence the People contend that "the sole defect, the making of count 12 consecutive to count seven, was not integral to the lawful running of count 12 consecutive to the other counts. Accordingly the Court should not have changed that lawful portion of the sentence.” (See, People’s Mem of Law in Support of Motion, next to last page.)
Basically, the People claim that by resentencing the defendant on count 12 (assault, second) to have that count run concurrently with all other counts, this court’s action was unlawful and invalid as a matter of law. In their affirmation in support of the motion, the People state that even though the sentence as between count 12 and count 7 was illegal, the making of count 12 consecutive to the remaining counts was legal and should not have been disturbed.
In essence, the People contend that, although the sentence for the conviction on count 12 (assault, second) must run concurrently with the sentence for the conviction on count 7 (burglary, first), the sentence for count 12 (assault, second) could rim consecutively with the sentence which was originally given on the murders. If that were so, the defendant’s originally calculated aggregate minimum term of imprisonment (271/s years) would have remained unchanged.
The defense, on the other hand, contends that once it was determined that the sentence on count 12 (assault, second) *864 must run. concurrent with the sentence on count 7 (burglary, first) then, as a matter of law, the sentence on count 12 (assault, second) must also run concurrent with all other counts, simply because count 7 (burglary, first) was already running concurrent with those other sentences. If that is so, then the original sentence on count 12 (assault, second) was illegal as to its relation to all counts and not just to count 7 (burglary, first) as the People argue. Therefore, the defense maintains that the resentencing of the defendant was legal and proper and, consequently, it should not be set aside.
ANALYSIS OF THE LAW
It is unquestioned that, in accordance with the dictates of People v Laureano (supra), the sentence imposed for count 12 (assault, second) of the indictment must run concurrently with the sentence imposed for count 7 (burglary, first). The People concede that fact by statements in both their motion for reargument and the instant motion to set aside the sentence. In both those documents the People state their position to be that the only modification in the defendant’s original sentence should be that count 12 (assault, second) should be ordered to run concurrently with the sentence imposed upon count 7 (burglary, first).
A fundamental tenet of American law (and its English source) is the prohibition against double jeopardy.
There are three separate protections which are embodied in the doctrine of double jeopardy (North Carolina v Pearce, 395 US 711; United States v Benz, 282 US 304; Ex Parte Lange, 85 US 163; Matter of Auer v Smith, 77 AD2d 172). These protections include: protection against a second prosecution for the same offense after acquittal; protection against a second prosecution after conviction; and protection against being punished more than once for the same offense.
The Supreme Court of the United States in Pearce (supra, at 717-718), quoting the landmark case of Ex Parte Lange (supra, at 168-173), stated that the controlling constitutional principle had been announced in that case as:
“ Tf there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offence. And * * * there has never been any doubt of [this rule’s] entire and complete protection of the party when a second punishment is proposed in the same court on the same facts, for the same statutory offence * * *
*865 “ ‘[T]he Constitution was designed as much to prevent the criminal from being twice punished for the same offence as from being twice tried for it.’ ”
Under New York law, when a person is sentenced on more than one indeterminate sentence to concurrent terms of imprisonment, the time served under the imprisonment of any of the sentences shall be credited against the minimum periods of all the concurrent sentences. The maximum terms of the indeterminate sentences merge in and are satisfied by the discharge of the term which has the longest unexpired time to run (Penal Law § 70.30).
When a person is sentenced, however, to two or more indeterminate sentences of imprisonment which run consecutively, the minimum periods of imprisonment are added together to arrive at an aggregate minimum period of imprisonment which is equal to the sum of the minimum periods which are to run consecutively to each other (Penal Law § 70.30).
When the defendant in this case was originally sentenced, all of the felonies with the exception of count 12 (assault, second) were to run concurrently to each other. Count 12 (assault, second) was stated to run consecutively to all other counts.
Therefore the defendant’s aggregate minimum period of imprisonment was calculated at 271/s years (25 years minimum on the murder charge plus the minimum of 2V3 years on the assault, second).
When the defendant in this case was resentenced and all charges were stated to run concurrently with each other, the recalculated aggregate minimum period of imprisonment would be 25 years.
In order to maintain the originally calculated aggregate minimum period of imprisonment (271/3 years), the People argue that count 12 (assault, second) can run both concurrently with count 7 (burglary, first) and consecutively with the sentence for murder. If that result does not obtain, then the defendant’s aggregate minimum period of imprisonment will be reduced by 2V3 years which is no longer scheduled to run consecutively to the sentences for the murder.
The court’s analysis of the People’s argument must include the base starting point that the sentence on count 12 (assault, second) is now running concurrently with the sentence on count 7 (burglary, first) which has always been running concurrently with the sentences on the murder.
*866 If this court were to adopt the People’s position, the defendant would be punished twice for count 12 (assault, second). The sentence on count 12 (assault, second) will run once while that sentence is running concurrently with count 7 (burglary, first) and by operation of law (Penal Law § 70.30 [1] [a]) with all the other counts because count 7 (burglary, first) was originally sentenced to run concurrently with those other counts. The sentence on count 12 (assault, second) will then be held in limbo, only to begin again after the minimum period of 25 years on the sentences for murder is finished;
Therefore, in essence, the People are advocating that while the defendant will have completed his entire 7-year maximum sentence on count 12 (assault, second), a full 18 years before the minimum sentence on the murder is finished, he can, once again begin serving a 2V3-to-7-year sentence on that very same count 12 (assault, second) after the minimum period of 25 years has run on the murder charge.
From the very first day of sentencing, by operation of law, the defendant would be earning credit on each and every charge for which he was sentenced because they were all running concurrently (Penal Law § 70.30 [1] [a]). Then, after earning full credit on count 12 (assault, second), that credit would be taken away from the defendant and he would begin, anew, his sentence on count 12 (assault, second) after he was finished serving the minimum sentences of 25 years on the murder convictions.
That second punishment would be in clear violation and contradiction to the principles of the prohibition against double jeopardy in that the defendant would be twice punished by the same court, on the same facts and for the same statutory offense.
To quote the United States Supreme Court in Lange {supra, at 173): “For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? Why is it that, having once been tried and found guilty, he can never be tried again for that offence? Manifestly it is not the danger or jeopardy of being a second time found guilty. It is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution.”
*867 Therefore, for the reasons stated herein, this court determines that the defendant was properly and legally resentenced by this court and it is the decision of this court that the motion to set aside the sentence is denied.