■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BROWN, Appellant. [744 NYS2d 687] —Appeals by the defendant from two judgments of the County Court, Rockland County (Kelly, J.), both rendered November 17, 1999, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 99-154, and criminal possession of a controlled substance in the third degree under Indictment No. 99-263, upon his pleas of guilty, and imposing sentences.

dant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered June 21, 1999, convicting him of grand larceny in the third degree, criminal possession of stolen property in the third degree (two counts), criminal mischief in the third degree, and illegal possession of a vehicle identification number, upon a jury verdict, and sentencing him, as a second felony offender, to concurrent indeterminate terms of imprisonment of 3 to 6 years on the conviction of grand larceny in the third degree under count one of the indictment, 3 to 6 years on the conviction of criminal possession of stolen property in the third degree under count three of the indictment, 1½-3 years on the conviction of criminal mischief in the third degree under count seven of the indictment, and 1½-3 years on the conviction of illegal possession of a vehicle identification number under count eleven of the indictment, and a consecutive term of imprisonment of 2 to 4 years on the conviction of criminal possession of stolen property in the third degree under count four of the indictment.

Ordered that the judgment is modified, on the law, by directing that the sentence imposed on the conviction of criminal possession of stolen property in the third degree under count four of the indictment shall run concurrently with the sentence imposed on the conviction of illegal possession of a vehicle identification number under count eleven of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

However, the judgment must be modified to direct that the sentence imposed on the conviction of criminal possession of stolen property under count four of the indictment shall run concurrently with the sentence imposed on the conviction of illegal possession of a vehicle identification number under count eleven of the indictment. The imposition of consecutive sentences on those convictions, involving the same stolen vehicle, would violate Penal Law § 70.25 (2) (*see People v Laureano,* 87 NY2d 640). Ritter, J.P., Krausman, Friedmann and Luciano, JJ., concur.