■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY ZASO, Appellant. [773 NYS2d 644]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered August 21, 2002. The judgment convicted defendant, upon his plea of guilty, of criminal possession of marihuana in the second degree, criminal possession of a weapon in the third degree (two counts) and criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant contends that the term of imprisonment imposed on his conviction of criminal possession of a weapon in the third degree under Penal Law § 265.02 (8) should have been directed to run concurrently to the term of imprisonment imposed on his conviction of criminal possession of marihuana in the second degree (§ 221.25). We reject that contention. Although the items from which those charges arose were recovered from defendant's apartment at the same time during the execution of a search warrant, the actus reus of each offense is the possession of a certain illegal item, respectively, a large capacity ammunition feeding device and marihuana. Thus, the underlying acts "are entirely separate and distinct" (*People v Bryant,* 92 NY2d 216, 231 [1998]; *see People v Ramirez,* 89 NY2d 444, 451 [1996]; *People v Laureano,* 87 NY2d 640, 643 [1996]), and consecutive terms of imprisonment therefore were properly imposed (*cf.* Penal Law § 70.25 [2]). The sentence is neither unduly harsh nor severe. Present—Green, J.P., Pine, Scudder, Kehoe and Gorski, JJ.