*1296 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered July 8, 2005. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree, auto stripping in the second degree and criminal mischief in the fourth degree.
It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Onondaga County, for resentencing.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law § 155.30 [1]), auto stripping in the second degree (§ 165.10 [1]) and criminal mischief in the fourth degree (§ 145.00 [1]), defendant contends that Supreme Court erred in directing that the sentences of incarceration on the grand larceny and auto stripping counts shall run consecutively with respect to each other. We agree. It is well settled that “sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other” (People v Laureano, 87 NY2d 640, 643 [1996]; see Penal Law § 70.25 [2]). “The defendant benefits if either prong is present, and the prosecution’s burden is to countermand both prongs” (People v Day, 73 NY2d 208, 211 [1989]). Here, the People failed to meet their burden of establishing that the conduct underlying the two counts in question involved separate acts. Pursuant to the indictment and the jury charge, the People were required to establish with respect to grand larceny that, inter alia, defendant stole property, here, stereo equipment, and with respect to auto stripping that, inter alia, “defendant removed or intentionally destroyed or defaced a part of a vehicle.” The jury therefore could have convicted defendant of the latter count upon finding that he removed the stereo equipment. Consequently, because the People failed to establish that “a single act [did not] constitute [] two offenses” (Laureano, 87 NY2d at 643), the court was without authority to impose consecutive sentences (see People v Dean, 8 NY3d 929, 931 [2007]). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for resentencing. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.