■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL T. QUIRK, Appellant. [900 NYS2d 682]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered January 13, 2009, convicting him of assault in the third degree and unlawful imprisonment in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

As the People correctly concede, the defendant's contention that consecutive sentences were improperly imposed is outside the ambit of the defendant's valid appeal waiver (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Francabandera*, 33 NY2d 429, 434 n 2 [1974]).

The People may establish the legality of consecutive sentences by showing that the "acts or omissions" committed by the defendant were separate and distinct acts (*People v Laureano*, 87 NY2d 640, 643 [1996] [internal quotation marks omitted]; *see People v Brown*, 80 NY2d 361, 364 [1992]; *People v Truesdell*, 70

NY2d 809, 811 [1987]; *People v Brathwaite*, 63 NY2d 839, 843 [1984]). Where, as here, the defendant is convicted upon a plea to a lesser offense than that charged in the indictment, the People may rely only on those facts admitted during the plea allocution (*see People v Laureano*, 87 NY2d at 644; *People v Griffin*, 7 NY2d 511, 515 [1960]).

Here, the defendant pleaded guilty, inter alia, to the crime of assault in the third degree (*see* Penal Law § 120.00 [2]). For this crime, the defendant allocuted that, on the night in question, he recklessly assaulted the complainant in his bedroom by pushing her. This act caused the complainant to fall to the ground and strike something, thereby sustaining physical injury. The defendant also pleaded guilty to unlawful imprisonment in the second degree (*see* Penal Law § 135.05). For this crime, the defendant allocuted that, on the same night, he restrained the complainant for a period of time in his house, without her consent. Thus, although the subject acts providing the basis for these convictions occurred at approximately the same time and involved the same complainant, they constituted two separate and distinct acts (*see People v Johnson*, 243 AD2d 997, 999 [1997]). Therefore, the imposition of consecutive sentences was proper (*see People v Laureano*, 87 NY2d at 643; *People v Brown*, 80 NY2d at 364; *People v Truesdell*, 70 NY2d at 811; *People v Brathwaite*, 63 NY2d at 843).

Accordingly, contrary to the defendant's contention, his counsel was not ineffective for failing to object to the imposition of consecutive sentences (*see generally People v Baldi*, 54 NY2d 137, 146-147 [1981]). Covello, J.P., Florio, Miller and Eng, JJ., concur.