People v Robinson (2019 NY Slip Op 08875)





People v Robinson


2019 NY Slip Op 08875


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-02705
 (Ind. No. 3812/16)

[*1]The People of the State of New York, respondent,
v
Ernest Robinson, appellant.


Paul Skip Laisure, New York, NY (Anna Kou of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Suzanne Mondo, J.), rendered February 22, 2017, convicting him of attempted criminal possession of a weapon in the third degree (two counts), upon his plea of guilty, and sentencing him to an indeterminate term of imprisonment of 2 to 4 years on count two and an indeterminate term of imprisonment of 4 years to life on count three, to run consecutively to each other.
ORDERED that the judgment is modified, on the law, by providing that the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
We agree with the defendant's contention that it was unlawful to impose consecutive sentences upon his convictions of two counts of attempted criminal possession of a weapon in the third degree. Sentences imposed for two or more offenses may not run consecutively where, inter alia, "a single act constitutes two offenses" (People v Laureano, 87 NY2d 640, 643; see Penal Law § 70.25[2]). Conversely, consecutive sentences may be imposed when, among other things, "the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct" (People v Ramirez, 89 NY2d 444, 451). The People bear the burden of establishing the legality of consecutive sentences (see People v Laureano, 87 NY2d at 643). "Where, as here, the defendant is convicted upon a plea to a lesser offense than that charged in the indictment, the People may rely only on those facts admitted during the plea allocution" in order to meet that burden (People v Quirk, 73 AD3d 1089, 1090; see People v Laureano, 87 NY2d at 644).
Here, no facts were adduced at the defendant's plea allocution which establish two separate acts of constructive possession (see People v Smith, 167 AD3d 944, 945-946; see generally People v Dean, 8 NY3d 929, 930-931; People v Laureano, 87 NY2d at 644-645). Accordingly, there was no basis for imposing consecutive sentences for both counts of attempted criminal possession of a weapon in the third degree (see People v Smith, 167 AD3d at 945-946; People v Bailey, 167 AD3d 924, 925; People v Garcia, 129 AD3d 524, 525; People v Baker, 94 AD3d 1553; People v Paccione, 290 AD2d 567). We thus modify the sentences so that they run concurrently with each other (see People v Bethea, 56 AD3d 485).
SCHEINKMAN, P.J., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court