People v Wright (2024 NY Slip Op 03613)

People v Wright

2024 NY Slip Op 03613

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

309 KA 22-02023

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARRYL WRIGHT, DEFENDANT-APPELLANT.

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered August 4, 2022. The judgment convicted defendant upon his plea of guilty of riot in the first degree and attempted assault in the second degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentences imposed on counts 2 and 3 of the indictment and as modified the judgment is affirmed, and the matter is remitted to Cayuga County Court for resentencing on those counts.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of one count of riot in the first degree (Penal Law
§ 240.06 [2]) and three counts of attempted assault in the second degree (§§ 110.00, 120.05 [3]), defendant contends that County Court erred in imposing consecutive sentences for attempted assault in the second degree under counts 2 and 3 of the indictment and that the sentences on those counts must instead run concurrently (see generally People v Ramirez, 89 NY2d 444, 451 [1996]). We agree.
Sentences imposed for two or more offenses may not run consecutively where, inter alia, "a single act constitutes two offenses" (People v Laureano, 87 NY2d 640, 643 [1996]; see Penal Law
§ 70.25 [2]). Thus, in order for a consecutive sentence to be legally imposed, the People have the burden of demonstrating by "identifiable facts . . . that the defendant's acts underlying the crimes are separate and distinct" (Ramirez, 89 NY2d at 451; see Laureano, 87 NY2d at 643). Where, as here, the defendant is "convicted upon a plea to a lesser offense than that charged in the indictment, the People may rely only on those facts and circumstances admitted during the plea allocution" in order to meet that burden (Laureano, 87 NY2d at 644; see People v Robinson, 178 AD3d 861, 862 [2d Dept 2019]).
Here, no facts were adduced at defendant's plea allocution that would establish two separate and distinct acts causing injury to the victims named in counts 2 and 3, and thus there was no basis for imposing consecutive sentences for those counts (see Laureano, 87 NY2d at 644-645; People v Bailey, 167 AD3d 924, 925 [2d Dept 2018], lv denied 33 NY3d 974 [2019]; People v Jones, 122 AD3d 1161, 1162 [3d Dept 2014]). Consequently, we modify the judgment by vacating the sentences imposed for counts 2 and 3 of the indictment, and we remit the matter to County Court for resentencing on those counts.
In light of our determination, we do not address defendant's alternative contention that the imposition of consecutive sentences is unduly harsh and severe.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court