People v Whittingham (2026 NY Slip Op 00804)

People v Whittingham

2026 NY Slip Op 00804

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2023-06337 
2023-06338
2023-06339

[*1]The People of the State of New York, respondent,
vDonte K. Whittingham, appellant. (Ind. Nos. 2706/19, 75019/22; S.C.I. No. 76668/22)

Patricia Pazner, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Kaley Hanenkrat of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from three judgments of the Supreme Court, Kings County (Rhonda Z. Tomlinson, J.), all rendered July 5, 2023, convicting him of robbery in the third degree under Indictment No. 2706/19, attempted assault in the second degree and criminal possession of a firearm under Indictment No. 75019/22, and disorderly conduct under Superior Court Information No. 76668/22, upon his pleas of guilty, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of 3½ to 7 years on his conviction of robbery in the third degree under Indictment No. 2706/19, indeterminate terms of imprisonment of 2 to 4 years on his convictions of attempted assault in the second degree and criminal possession of a firearm under Indictment No. 75019/22, to run consecutively to each other and the sentence imposed on the conviction of robbery in the third degree under Indictment No. 2706/19, and a definite term of imprisonment of 15 days on the conviction of disorderly conduct under Superior Court Information No. 76668/22, to run concurrently with all other sentences.
ORDERED that the judgment under Indictment No. 75019/22 is modified, on the law, by providing that the sentences imposed on the convictions of attempted assault in the second degree and criminal possession of a firearm shall run concurrently with each other; as so modified, the judgment is affirmed; and it is further,
ORDERED that the judgments under Indictment No. 2706/19 and Superior Court Information No. 76668/22 are affirmed.
"The Penal Law provides that concurrent sentences must be imposed 'for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other'" (People v Laureano, 87 NY2d 640, 643, quoting Penal Law § 70.25[2]). "Thus, sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (id.). "Conversely, consecutive sentences may be imposed when, among other things, 'the facts demonstrate that the [*2]defendant's acts underlying the crimes are separate and distinct'" (People v Bailey, 167 AD3d 924, 925, quoting People v Ramirez, 89 NY2d 444, 451). "The People bear the burden of establishing the legality of consecutive sentencing" (id.).
Here, based upon the facts adduced during the plea colloquy, the People failed to establish that the convictions of attempted assault in the second degree and criminal possession of a firearm under Indictment No. 75019/22 were separate and distinct (see People v Williams, 243 AD3d 818, 820; People v Bailey, 167 AD3d at 925). Accordingly, as conceded by the People, the Supreme Court should have directed the sentences imposed upon those convictions to run concurrently with each other (see People v Laureano, 87 NY2d at 643).
The aggregate sentence imposed, as modified, was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., FORD, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court