People v Wilkins (2019 NY Slip Op 07228)





People v Wilkins


2019 NY Slip Op 07228


Decided on October 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


2144/13 10061A 4154N/13 10061

[*1] The People of the State of New York, Respondent,
v
Koran Wilkins, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Katheryne M. Martone of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Karen Schlossberg of counsel), for respondent.



Judgment, Supreme Court, New York County (Patricia M. Nuñez, J.), rendered March 20, 2014, as amended May 7 and May 12, 2014, convicting defendant, after a jury trial, of strangulation in the second degree, assault in the second degree (two counts), and assault in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 14 years, and judgment, same court (Charles H. Solomon, J.), rendered May 6, 2014, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a concurrent term of two years, unanimously affirmed.
Defendant's conviction of strangulation in the second degree was supported by legally sufficient evidence, and the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence established that when defendant put the strangulation victim in a chokehold, which made her feel weak, drowsy, and woozy, he caused her to fall into a "stupor" (Penal Law § 121.12).
Defendant's legal insufficiency claims regarding his convictions of assault in the second degree are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We likewise find that the verdict was not against the weight of the evidence. We similarly accept the jury's credibility findings. Defendant's conviction of strangulation in the second degree provided the requisite underlying felony to support both counts of felony assault, and the evidence also established the elements, as applicable, of physical injury and immediate flight from a felony.
The court provided a meaningful response to a jury note when it defined "impairment" in connection with second-degree strangulation by reading a definition stated in a medical dictionary. The Penal Law does not define the word impairment, and by reading from a dictionary, the court did not negate an element of the crime or conflate the offense with the misdemeanor crime of criminal obstruction of breathing or blood circulation.
The court's imposition of consecutive sentences on the two counts of assault in the second degree, which involved different victims, was proper. The felony assaults share the same underlying felony of second-degree strangulation and thus have overlapping elements, but defendant committed "separate and distinct acts" of injuring two victims, one during commission or attempted commission of the strangulation in the second degree, and the second when he punched another victim in flight from the earlier strangulation (see People v Laureano, 87 NY2d 640, 643 [1996]; People v Truesdell, 70 NY2d 809, 811 [1987]).
In light of our affirmance of the trial convictions, there is no basis upon which to vacate the plea conviction.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 8, 2019
CLERK