■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CINDY ARMSTRONG, Appellant.—Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant entered a plea of guilty to one count of criminal possession of a weapon in the fourth degree, a class A misdemeanor, after the police discovered a handgun during the execution of a search warrant at her home. Although the police were expecting to find cocaine, none was found. Other controlled substances were discovered and defendant was originally charged with criminal possession of a controlled substance in the fifth degree. Defendant, who suffers from severe physical handicaps as a result of a hit-and-run accident in 1981, was able to convince the District Attorney that the controlled substances found in her home were legally in her possession, prescribed for her by her treating physician. The drug charges were dismissed. At the plea hearing, defendant admitted that she possessed the gun, but asserted that it had been given to her for safekeeping by a friend when he entered the hospital; that, after the friend died, the gun remained in her possession; and that she did not dispose of it because it "wasn't bothering anyone." County Court accepted the plea. A presentence report was prepared and the probation officer, noting that defendant was a 54-year-old invalid with no prior criminal record, recommended a conditional discharge. County Court sentenced defendant to one year in the County Jail.

It is apparent from the remarks he made at sentencing that the County Court Judge, who had signed the search warrant, believed that defendant was a drug dealer, despite the lack of evidence. Considering defendant's age, her poor physical condition, and her lack of a criminal record, we find the sentence imposed to be unduly harsh and excessive. We, therefore, modify the sentence to impose a conditional discharge. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Weapon, 4th Degree.) Present—Denman, P. J., Pine, Balio and Doerr, JJ.