People v Brown (2021 NY Slip Op 02174)





People v Brown


2021 NY Slip Op 02174


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-01208
 (Ind. No. 2025/16)

[*1]The People of the State of New York, respondent,
v
Lashawn Brown, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel; Daniel Chavez on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Miller, J.), rendered January 23, 2017, convicting him of robbery in the third degree (two counts) and criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On January 4, 2017, the defendant appeared before the Supreme Court to plead guilty to two counts of robbery in the third degree and one count of criminal possession of stolen property in the fourth degree. The defendant agreed to be sentenced to a consecutive indeterminate term of imprisonment of 3½ to 7 years for each count of robbery in the third degree, and to a consecutive indeterminate term of imprisonment of 2 to 4 years for criminal possession of stolen property in the fourth degree, for an aggregate sentence of an indeterminate term of imprisonment of 9 to 18 years.
The defendant admitted that on February 7, 2016, and again on March 4, 2016, he forcibly stole cell phones from a Metropolitan PCS store in Brooklyn, by pointing a gun at the individual working in the store. He further admitted that on March 4, 2016, he knowingly possessed the stolen cell phones in his apartment. The police, acting pursuant to a search warrant, found the cell phones in the bathroom of the defendant's apartment. On January 23, 2017, the Supreme Court imposed the agreed-upon sentences. The defendant appeals.
The Supreme Court properly imposed consecutive sentences for the robbery and criminal possession of stolen property convictions stemming from the defendant's conduct on March 4, 2016. "[U]nder [Penal Law] section 70.25(2), 'sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other'" (People v Brahney, 29 NY3d 10, 14, quoting People v Laureano, 87 NY2d 640, 643). In determining whether concurrent sentences are required, the court must first examine the statutory definitions to "determine whether the actus reus element is, by definition, the same for both offenses . . . or if the actus reus for one offense is, by definition, a material element of the second offense" (People v Laureano, 87 NY2d [*2]at 643; see People v Frazier, 16 NY3d 36, 40). "The actus reus of the crime is [t]he wrongful deed that comprises the physical components of a crime and that generally must be coupled with mens rea to establish criminal liability" (People v Frazier, 16 NY3d at 40 [internal quotation marks omitted]). Even if the statutory elements of the offenses do overlap, "the People may yet establish the legality of consecutive sentencing by showing that the 'acts or omissions' committed by defendant were separate and distinct acts" (People v Laureano, 87 NY2d at 643; see People v Brahney, 29 NY3d at 14-15).
Here, the defendant's conviction of robbery in the third degree established that he forcibly stole property (Penal Law § 160.05). In contrast, his conviction of criminal possession of stolen property in the fourth degree established that he "knowingly possesse[d] stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and [where] [t]he value of the property exceeds one thousand dollars" (Penal Law § 165.45[1]). There is no overlap of the statutory elements, as the knowing possession of stolen property with a value exceeding one thousand dollars is not an element of the crime of robbery in the third degree, which only requires a forcible stealing of property.
Moreover, the defendant's act of forcibly stealing the cell phones from the Metropolitan PCS store on March 4, 2016, is distinct from his possession of the stolen cell phones in his apartment later the same day, as "the acts of stealing and possessing property are separate acts" (People v Henry, 173 AD3d 1470, 1482; see People v Brahney, 29 NY3d at 14; People v Day, 73 NY2d 208, 210-212).
Contrary to the People's contention, the defendant's purported waiver of the right to appeal was invalid and unenforceable (see People v Bisono, ___ NY3d ___, 2020 NY Slip Op 07484; People v Thomas, 34 NY3d 545). However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court