People v Adams (2021 NY Slip Op 02808)





People v Adams


2021 NY Slip Op 02808


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-15103 
2018-15105
 (Ind. No. 2390/17, S.C.I. No. 1139/18)

[*1]The People of the State of New York, respondent,
v
James Adams, appellant.


Steven A. Feldman, Manhasset, NY (Arza Feldman of counsel), for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Sharyn Gitter and Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Suffolk County (John B. Collins, J.), both rendered October 26, 2018, convicting him of criminal possession of a weapon in the third degree under Indictment No. 2390/17, and criminal possession of a weapon in the third degree under S.C.I. No. 1139/18, upon his pleas of guilty, and sentencing him to consecutive indeterminate terms of imprisonment of 3½ to 7 years on each count.
ORDERED that the judgments are reversed, on the law, the sentences imposed thereon are vacated, and the matters are remitted to the County Court, Suffolk County, for further proceedings consistent herewith.
During the early morning of November 16, 2017, upon executing a search warrant, the police recovered several firearms in the defendant's home. Consequently, the defendant was charged under Indictment No. 2390/17 with criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts). He was further charged under S.C.I. No. 1139/18 with criminal possession of a weapon in the third degree. Inasmuch as the defendant had several prior violent felony convictions, if convicted of the top count charged in the indictment, criminal possession of a weapon in the second degree (a class C violent felony), the defendant faced a maximum term of life imprisonment.
Following detailed plea negotiations, the defendant was permitted to plead guilty to criminal possession of a weapon in the third degree under Indictment No. 2390/17, and criminal possession of a weapon in the third degree under S.C.I. No. 1139/18. Each count to which the defendant pleaded guilty was based upon the defendant's possession of different weapons. Although the defendant expressed his wish for a sentence offer of consecutive indeterminate terms of imprisonment of 3 to 6 years on each count, the defendant agreed, pursuant to the negotiated plea, to be sentenced to consecutive indeterminate terms of imprisonment of 3½ to 7 years on each count.
After pleading guilty, the defendant moved to withdraw his plea of guilty arguing, [*2]inter alia, that the imposition of consecutive sentences was illegal. The County Court denied the defendant's motion and imposed the agreed-upon sentences.
As the defendant contends, and the People correctly concede, the County Court should not have imposed consecutive sentences upon the defendant's conviction of the two counts of criminal possession of a weapon in the third degree. Sentences imposed for two or more offenses may not run consecutively where, among other things, "a single act constitutes two offenses" (People v McKnight, 16 NY3d 43, 47 [internal quotation marks omitted]; see Penal Law § 70.25[2]; People v Laureano, 87 NY2d 640, 643). Here, there was no showing that the defendant's acts underlying the crimes were separate and distinct and consequently, consecutive sentences could not be imposed (see Penal Law § 70.25[2]; People v Smith, 167 AD3d 944, 945-946; People v Bailey, 167 AD3d 924, 924-925).
Under the particular circumstances of this case, we reverse the judgments of convictions, vacate the sentences imposed thereon, and remit the matters to the County Court, Suffolk County, for further proceedings, at which the People should be given the opportunity to withdraw their consent to the plea agreement, should they be so advised (see generally People v Cameron, 83 NY2d 838, 838-840; People v Farrar, 52 NY2d 302, 306-307).
The defendant's remaining contentions, including the remaining contention raised in his pro se supplemental brief, are without merit.
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court