People v Parker (2022 NY Slip Op 01487)





People v Parker


2022 NY Slip Op 01487


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

112431
[*1]The People of the State of New York, Respondent,
v
Sam D. Parker Jr., Appellant.

Calendar Date:February 17, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered September 19, 2019, which revoked defendant's probation and imposed a sentence of imprisonment.
During the execution of an arrest warrant for defendant's housemate, law enforcement discovered, among other things, several firearms locked in a gun safe located within defendant's bedroom. As a result, defendant was charged in a four-count indictment with two counts of criminal possession of a weapon in the third degree (counts 1 and 2) and two counts of criminal possession of a weapon in the fourth degree (counts 3 and 4). In June 2016, and in full satisfaction of the indictment, defendant executed an oral and written waiver of appeal and pleaded guilty to two counts of criminal possession of a weapon in the fourth degree (counts 3 and 4). County Court subsequently sentenced defendant to two concurrent three-year terms of probation. In August 2017, defendant was charged with violating a condition of his probation and, upon admitting the violation, was sentenced to 60 days in the local jail on each count, after which defendant was restored to probation.
In July 2019, defendant was charged with violating three terms and conditions of his probation, including being arrested on June 30, 2019 and charged with, among other things, a felony. Thereafter, pursuant to a negotiated disposition of the violation of probation petition, defendant admitted to violating the terms and conditions of his probation. As contemplated by the terms of the negotiated disposition, County Court revoked defendant's probation and resentenced him to consecutive one-year incarceration in the local jail. County Court then issued permanent orders of protection in favor of two individuals who were witnesses to defendant's conduct that resulted in his June 30, 2019 arrest. Defendant appeals.
Initially, as defendant contends, and the People correctly concede, County Court should not have imposed consecutive sentences upon resentencing defendant for his conviction of two counts of criminal possession of a weapon in the fourth degree. "Sentences imposed for two or more offenses may not run consecutively where, among other things, 'a single act constitutes two offenses'" (People v Adams, 194 AD3d 730, 731 [2021], quoting People v McKnight, 16 NY3d 43, 47 [2010]; see Penal Law § 70.25 [2]; People v Laureano, 87 NY2d 640, 643 [1996]; People v Major, 143 AD3d 1155, 1159 [2016], lv denied 28 NY3d 1147 [2017]). "Conversely, 'consecutive sentences may be imposed when either the elements of the crimes do not overlap or if the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct'" (People v Major, 143 AD3d at 1159, quoting People v Ramirez, 89 NY2d 444, 451 [1996]; see People v McKnight, 16 NY3d at 48; People v Muniz, 193 AD3d 1116, 1119 [2021], lv denied 37 NY3d 967 [2021]; People v Banks, 181 AD3d 973, 977 [2020], lv denied 35 NY3d 1025 [2020]).
Here[*2], defendant's convictions of criminal possession of a weapon in the fourth degree under counts 3 and 4 of the indictment were based upon his act of constructively possessing two rifles in a locked safe on September 14, 2015 (see Penal Law § 265.01 [4]). "Since these convictions were based upon . . . defendant's constructive possession of guns in the same location at the same time, and there was no proof of any separate act by . . . defendant which constituted possession of one of the guns, as opposed to . . . the other . . . gun[], the convictions were based upon the same act, and the sentencing court was required to impose concurrent sentences" (People v Smith, 167 AD3d 944, 946 [2018], lv denied 33 NY3d 954 [2019]). The mere fact that defendant possessed two rifles does not prove two separate acts of possession, and possession of two firearms without further proof of separate and distinct acts of possession cannot support consecutive sentences for two counts of criminal possession of a weapon in the fourth degree (see People v Adams, 194 AD3d at 731; People v Smith, 167 AD3d at 946; People v Bailey, 167 AD3d 924, 925 [2018], lv denied 33 NY3d 974 [2019]; People v Baker, 94 AD3d 1553, 1553 [2012]). Accordingly, there was no basis for County Court to impose consecutive sentences, and we therefore modify the judgment of conviction to run the sentences concurrently. As for defendant's challenge to the severity of the resentence, the record demonstrates that defendant was unable to comply with the term of his probation despite ample opportunities to do so. Consequently, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon resentence in the interest of justice (see People v Clark, 100 AD3d 1157, 1158 [2012], lv denied 20 NY3d 1010 [2013]; compare People v Armstrong, 188 AD2d 1056, 1056 [1992]).
Finally, as defendant contends and the People again correctly concede, County Court erred in issuing permanent orders of protection in favor of two individuals who were not victims of, or witnesses to, the crimes of conviction (criminal possession of a weapon in the fourth degree). "A court may enter an order of protection for the benefit of a witness 'who actually witnessed the offense for which defendant was convicted'" (People v Myers, 163 AD3d 1152, 1156 [2018], lv denied 32 NY3d 1066 [2018], quoting People v Somerville, 72 AD3d 1285, 1288 [2010]; see CPL 530.13 [4] [a] [providing that when a court is sentencing a defendant on a conviction for "any offense," it may issue an order of protection directing the defendant to stay away from "any witness . . . of such offense"]; People v Trombley, 91 AD3d 1197, 1203 [2012], lv denied 21 NY3d 914 [2013]; People v Malone, 3 AD3d 795, 797 [2004], lv denied 2 NY3d 763 [2004]; cf. People v Daniel A., 183 AD3d 909, 909 [2020], lv denied 35 NY3d 1065 [2020]). Here, orders of protection were issued in favor of the two people who witnessed defendant's conduct that [*3]led to his arrest in June 2019 and the subsequent filing of the violation of probation petition. Given that they did not witness the conduct that formed the basis for defendant's conviction of two counts of criminal possession of a weapon in the fourth degree, which occurred in September 2015, the orders of protection issued in their favor must be vacated (see CPL 530.13 [4] [a]; People v Myers, 163 AD3d at 1156; People v Somerville, 72 AD3d at 1288).
Garry, P.J., Lynch, Colangelo and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, by directing that defendant's sentences shall run concurrently rather than consecutively and by vacating the orders of protection; matter remitted to the County Court of St. Lawrence County for further proceedings pursuant to CPL 460.50 (5); and, as so modified, affirmed.