People v Franklin (2022 NY Slip Op 04677)

People v Franklin

2022 NY Slip Op 04677

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

112567
[*1]The People of the State of New York, Respondent,
v
Heather C. Franklin, Appellant.

Calendar Date:June 17, 2022

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and McShan, JJ.

Pamela B. Bleiwas, Ithaca, for appellant.
Michael D. Ferrarese, District Attorney, Norwich (Bridget Rahilly Steller of New York Prosecutors Training Institute, Albany, of counsel), for respondent.

Appeal from a judgment of the County Court of Chenango County (Revoir Jr., J.), rendered July 15, 2019, convicting defendant upon her plea of guilty of the crimes of manslaughter in the first degree, arson in the third degree and tampering with physical evidence.
Defendant and her husband were separately indicted and charged with murder in the second degree, arson in the third degree and tampering with physical evidence. The charges arose after defendant and her husband tied the hands and arms of their adopted, disabled, 16-year-old child to his bed and left him alone for several hours. Upon returning home and discovering that the child was dead, defendant and her husband — in an effort to destroy any physical evidence — repositioned the child's body on the mattress of the bed and set their double-wide trailer ablaze. Defendant's husband was convicted following a jury trial of the charged crimes, prompting defendant to plead guilty to the reduced charge of manslaughter in the first degree, together with arson in the third degree and tampering with physical evidence. County Court sentenced defendant to a prison term of five years followed by five years of postrelease supervision upon her conviction of manslaughter in the first degree and to prison terms of 1 to 3 years upon her convictions of arson in the third degree and tampering with physical evidence — all terms to run consecutively to one another. This appeal ensued.
Defendant contends, and the People correctly concede, that County Court should not have imposed consecutive terms of imprisonment upon defendant's convictions of arson in the third degree and tampering with physical evidence.[FN1] "Sentences imposed for two or more offenses may not run consecutively where, among other things, a single act constitutes two offenses" (People v Parker, 203 AD3d 1341, 1342 [2022] [internal quotation marks, emphasis and citations omitted]; see Penal Law § 70.25 [2]; People v Brahney, 29 NY3d 10, 14 [2017]). Given that the fire admittedly was set to conceal evidence, the arson and tampering with physical evidence convictions necessarily arose from a single act. As a result, although the terms of imprisonment imposed upon such convictions properly ran consecutively to the sentence imposed upon defendant's conviction of manslaughter in the first degree (see People v Slocum, 178 AD3d 1131, 1135 [2019], lv denied 35 NY3d 944 [2020]), the sentences imposed upon the arson and tampering convictions must run concurrently with one another (see Penal Law § 70.25 [2]), and defendant's sentence is modified to that extent.
Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, by directing that defendant's sentences for arson in the third degree and tampering with physical evidence under counts two and three of the indictment shall run concurrently to each other and consecutively to the remaining sentence imposed, and, as so modified, [*2]affirmed.

Footnotes

Footnote 1: Defendant's argument in this regard survives both her unchallenged waiver of the right to appeal and her guilty plea and, further, is not subject to the preservation requirement (see People v Light, 184 AD3d 904, 906 [2020]).