People v Lamoy (2023 NY Slip Op 02035)

People v Lamoy

2023 NY Slip Op 02035

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

112265
[*1]The People of the State of New York, Respondent,
v
Corey Lamoy, Appellant.

Calendar Date:March 24, 2023

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Ceresia, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor R. Fitzsimmons of counsel), for respondent.

Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered April 26, 2019, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and driving while intoxicated.
In full satisfaction of a three-count indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree and driving while intoxicated with the understanding that he would be sentenced — as a second violent felony offender — to a prison term of nine years (followed by five years of postrelease supervision) upon the weapon possession conviction and to a concurrent one-year period of incarceration upon the driving while intoxicated conviction. The plea agreement also required defendant to waive his right to appeal and included, with respect to the misdemeanor driving while intoxicated conviction, a three-year conditional discharge — to be imposed consecutively to defendant's term of imprisonment. Defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the negotiated sentence. Defendant appeals, contending only that County Court's imposition of a three-year conditional discharge was illegal.
The People concede, and our review of the relevant statutory provisions confirms, that the duration of the conditional discharge imposed was erroneous.[FN1] Defendant was convicted of driving while intoxicated as a misdemeanor (see Vehicle and Traffic Law § 1192 [3]) and, hence, was subject to a conditional discharge (see Penal Law § 60.21) pursuant to the parameters set forth in Penal Law § 65.05. Consistent with the provisions of that statute, "the period of conditional discharge shall be . . . [o]ne year in the case of a misdemeanor or a violation" (Penal Law § 65.05 [3] [b]). Accordingly, that aspect of defendant's sentence must be vacated and this matter remitted to County Court for imposition of the appropriate one-year conditional discharge.
Egan Jr., J.P., Lynch, Clark, Aarons and Ceresia, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the conditional discharge imposed; matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: As defendant's argument implicates the legality of his sentence, it survives his unchallenged waiver of the right to appeal and guilty plea (see People v Surdis, 160 AD3d 1305, 1306 [3d Dept 2018], lv denied 32 NY3d 941 [2018]; People v Howland, 130 AD3d 1105, 1105 [3d Dept 2015], lv denied 26 NY3d 1089 [2015]) and, given that such error is apparent from the face of the record, it is not subject to the preservation requirement (see People v Franklin, 207 AD3d 963, 963 n [3d Dept 2022]).