People v Bezabeh (2025 NY Slip Op 05697)

People v Bezabeh

2025 NY Slip Op 05697

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-04564
 (Ind. No. 70161/22)

[*1]The People of the State of New York, respondent,
v
Fasika Bezabeh, appellant.

Patricia Pazner, New York, NY (Victoria L. Benton of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Amanda Iannuzzi of counsel; Jake Temkin on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered May 4, 2023, convicting him of two counts of petit larceny, upon his plea of guilty, and sentencing him to consecutive terms of imprisonment of 364 days on each count.
ORDERED that the judgment is modified, on the law, by providing that the sentence imposed on the conviction on the first count of petit larceny shall run concurrently with the sentence imposed on the second count of petit larceny; as so modified, the judgment is affirmed.
The defendant contends that the imposition of consecutive sentences for the two counts of petit larceny was illegal. Under Penal Law § 70.25, "'sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other'" (People v McGovern, 42 NY3d 532, 536, quoting People v Laureano, 87 NY2d 640, 643; see People v Brown, 193 AD3d 758). "Even if the statutory elements of the offenses do overlap, 'the People may yet establish the legality of consecutive sentencing by showing that the "acts or omissions" committed by defendant were separate and distinct acts'" (People v Brown, 193 AD3d at 759, quoting People v Laureano, 87 NY2d at 643; see People v Brahney, 29 NY3d 10, 14-15).
Here, no facts were alleged in the indictment or adduced at the defendant's plea allocution that establish separate acts of larceny (see People v Frank, 232 AD3d 621, 623; People v Bailey, 167 AD3d 924, 925). Accordingly, there was no basis for imposing consecutive sentences for two counts of petit larceny (see People v Adams, 194 AD3d 730, 731; People v Bailey, 167 AD3d at 925). Although the defendant has completed the imposed sentences, the question of whether the imposition of consecutive sentences was illegal is not academic, because the sentences imposed have potential immigration consequences (see 8 USC § 1227[a][2][A]; People v Augustine, 231 AD3d 849, 851; People v Vega, 165 AD3d 984).
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court