People v Williams (2025 NY Slip Op 06343)

People v Williams

2025 NY Slip Op 06343

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-05087

[*1]The People of the State of New York, respondent,
v
Nakim Williams, appellant. (S.C.I. No. 72507/23)

Patricia Pazner, New York, NY (Sankeerth Saradhi of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jordan Cerruti, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Eugene M. Guarino, J.), rendered May 16, 2023, convicting him of robbery in the third degree and criminal possession of stolen property in the fourth degree, upon his plea of guilty, and sentencing him to consecutive indeterminate terms of imprisonment of two to four years on each conviction.
ORDERED that the judgment is modified, on the law, by providing that the sentence imposed on the conviction of robbery in the third degree shall run concurrently with the sentence imposed on the conviction of criminal possession of stolen property in the fourth degree; as so modified, the judgment is affirmed.
In accordance with Penal Law § 70.25(2), "'sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other'" (People v McGovern, 42 NY3d 532, 536, quoting People v Laureano, 87 NY2d 640, 643; see People v Brown, 193 AD3d 758). "Under the first prong, 'where the actus reus is a single inseparable act that violates more than one statute, a single punishment must be imposed'" (People v McGovern, 42 NY3d at 536 [alteration omitted], quoting People v Rodriguez, 25 NY3d 238, 244). "The People bear the burden of establishing the legality of consecutive sentencing by 'identifying the facts which support their view' that the crimes were committed by separate acts" (People v Rodriguez, 25 NY3d at 244, quoting People v Laureano, 87 NY2d at 644).
"As to the second prong, courts 'first look to the statutory definitions of the crimes at issue to discern whether the actus reus elements overlap'" (People v McGovern, 42 NY3d at 536, quoting People v Rodriguez, 25 NY3d at 244). "'Reference to the fact-specific circumstances and proof of a crime to determine whether, under the second statutory prong, one offense is a material element of a second is not the test for consecutive sentencing purposes.' Rather, 'the commission of one offense is a material element of a second for restrictive sentencing purposes if, by comparative examination, the statutory definition of the second crime provides that the first crime is also a necessary component in the legislative classification and definitional sense'" (People v Brahney, 29 NY3d 10, 14 [citation omitted], quoting People v Day, 73 NY2d 208, 211).
"Even if the statutory elements of the offenses do overlap, 'the People may yet establish the legality of consecutive sentencing by showing that the "acts or omissions" committed by defendant were separate and distinct acts'" (People v Brown, 193 AD3d at 759, quoting People v Laureano, 87 NY2d at 643; see People v Brahney, 29 NY3d at 14-15).
Based on the superior court information and the facts adduced during the plea colloquy, the People failed to establish that the defendant did not commit the robbery and possession of stolen property offenses through the single and inseparable act of seizing the complainant's property (see Penal Law §§ 10.00[8]; 155.05, 160.00; People v Sturkey, 77 NY2d 979, 980; People v Bethea, 56 AD3d 485, 486; cf. People v Brown, 193 AD3d at 759). Accordingly, the Supreme Court should have directed that the sentence imposed on the conviction of robbery in the third degree was to run concurrently with the sentence imposed on the conviction of criminal possession of stolen property in the fourth degree.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., MILLER, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court